# FREDERICK BULSON et al.

## v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. MITTIMUS — *indorsing amount of bail upon the back of it.* It is not essential to the validity of a *mittimus* issued by a committing magistrate in a bailable case, that he should indorse upon it the sum in which bail ought to be taken, if such sum appears in the body of the *mittimus*.

2. BAIL — FORMER CONVICTION *and holding to bail, not a bar.* Where a person who is accused of having committed a criminal offense has, by collusion and contrivance of the witnesses, the complainant and justice of the peace, been arrested and discharged on bail, he may be again arrested by a warrant issued by another justice of the peace, and required to give bail in a larger amount for the same offense.

3. MISTAKE — *clerical mistake as to names in pleading.* Where the name *Frederick* Bulson was written in a pleading instead of *Isaac* Bulson, and the pleading in all its parts showed that Isaac was intended, it was regarded a clerical error, and did not vitiate.

4. EVIDENCE — *leading questions.* Where the answer to a leading question which is objected to, does no injury to the party objecting, he cannot complain as to the leading form of the question.

5. ERRORS — REVERSAL — *all errors will not cause a reversal.* A just judgment will not be reversed, merely because a leading question is allowed to be answered, although it may be error.

6. RECORD *of a recognizance is a verity.* After a recognizance which was entered into upon the examination of a party charged with crime, before a magistrate who had jurisdiction of the offense, has properly become a matter of record, the action of the magistrate cannot be impeached, nor the proceedings assailed.

7. PRACTICE IN THE SUPREME COURT — *abstracts.* Where an abstract of the record is wanting, the court will take the facts as they are presented in the briefs, or the case will be most summarily disposed of.

APPEAL from the Circuit Court of Knox county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

On the 16th day of February, 1859, by collusion and contrivance between Isaac Bulson, Phineas Cragan and James Soles, the said Bulson was arrested by virtue of a warrant

issued by Soles, as a justice of the peace of Knox county, upon the complaint of Cragan, under oath, charging Bulson with having feloniously stolen a cow in said county.

Bulson was brought before the magistrate, Soles, and a pretended examination was had, the witness, Cragan, testifying substantially, that he knew nothing about the larceny charged. The magistrate required Bulson to give bail in the sum of fifty dollars for his appearance at the next ensuing term of the Circuit Court of Knox county, to answer the said charge of larceny. He, accordingly, entered into a recognizance in pursuance of the requirement of the magistrate, which was afterwards duly certified to the Circuit Court, and became a matter of record therein, and thereupon was discharged, as is claimed, from further arrest for said alleged offense.

These proceedings were had for the purpose of fraudulently evading an arrest on the part of Bulson under a warrant which he knew had been already issued against him, on the complaint of the owner of the cow alleged to have been stolen, before Giles Cook, another justice of the peace in the same county.

Subsequently, by virtue of this warrant Bulson was again arrested, and upon being brought before the magistrate, Cook, such proceedings were had that Bulson was required to enter into bail, with good and sufficient security, in the sum of five hundred dollars, for his appearance at the then next term of the Circuit Court of said county, to answer said charge, it being the same alleged offense for which he had previously been held to bail by the magistrate, Soles.

Bulson failing to enter into bail as required upon this second examination, was committed to the county jail of Knox county, by virtue of a warrant of commitment issued by Cook, in the body of which was set forth the sum in which bail might be given, but the magistrate omitted to indorse on the *mittimus* the sum in which bail was required. Subsequently, on the 23rd of April, 1859, Bulson was discharged from jail, upon entering into a recognizance before two justices of the peace in said county, in the required sum of

five hundred dollars, with Frederick Bulson and James Downing as his securities, conditioned for his appearance at the proper term of the Circuit Court to answer the said charge against him ; which last mentioned recognizance also was duly certified, and became a matter of record in that court.

Isaac Bulson failing to appear according to the terms of his obligation, a judgment of forfeiture was entered in the court below, and on the 26th of July, 1859, a proceeding by *scire facias* was instituted upon the second recognizance mentioned ; the said Isaac and his securities having previously been discharged by the Circuit Court, on motion of the State's attorney, from the recognizance entered into before the magistrate, Soles.

To the *scire facias* the defendants pleaded four pleas : *first, non est factum ; second, nul tiel* record ; the *third* plea set up that the supposed recognizance, upon which the *scire facias* issued, was void by reason of the warrant of commitment which was issued by the magistrate, Cook, not having indorsed upon it the sum in which bail might be given, although such sum did appear in the body of such warrant.

By the *fourth* plea, the defendants insisted the recognizance upon which this *scire facias* issued was void, because of the principal defendant, Isaac Bulson, having previously entered into the recognizance already mentioned, upon his examination before the magistrate, Soles ; claiming that he could not, legally, be required to enter into a second recognizance for the same offense.

Demurrers to the third and fourth pleas were overruled. Replications to the third and fourth pleas being filed, the defendants interposed their demurrer to them.

The replication to the fourth plea is as follows :

And the said plaintiffs as to the said plea of the defendants fourthly above pleaded, say, that plaintiffs, by reason of anything in said plea by defendants alleged, *precludi non*, because they say, that no valid and binding recognizance was entered into by said defendants before the said James Soles, as in said plea alleged, and that the same was and is void, because the same was entered into by fraud and connivance

between said defendants, Phineas Cragan and the said James Soles, in order to prevent the taking of a valid recognizance in a proper amount for said offense; that said offense, of which said Bulson was accused, was for larceny of a cow of the value of twenty dollars, subjecting said Bulson to punishment in the penitentiary. That the bail required by said James Soles, J. P., was but fifty dollars, by fraud and connivance with said defendants.

That said defendants and said Phineas Cragan well knew that a warrant had been issued to compel the attendance of said *Frederick* Bulson before another justice of the peace to answer for the same offense—and that, fraudulently conniving and colluding together, the said defendants and Phineas Cragan procured the arrest of said *Frederick* Bulson, and proceeded without procuring the attendance of any of the witnesses having a knowledge of the facts of said case, and without the examination of any witnesses having a knowledge of the commission of said offense, fraudulently to procure the taking of the recognizance in said fourth plea mentioned, before the said James Soles, in the sum of $50, a sum inadequate to the nature of the offense. Wherefore, etc.

The demurrer to the replications having been disposed of, issues were formed, and submitted to a jury, who, after hearing the evidence, were instructed by the court, upon the law, as follows, on behalf of the People:

That if the jury believe, from the evidence, that a warrant had been issued by Esquire Cook for the arrest of Bulson for the crime of larceny, and that Bulson well knew the same, and sought to evade service of the same; and that in order to procure his enlargement by giving bail in an inadequate amount, Bulson and his attorney, Bennett, fraudulently and by collusion with Phineas Cragan, procured the arrest of Bulson before Esquire Soles, and proceeded to trial without procuring the attendance of the witnesses who had a knowledge of the commission of the offense, and that the said James Soles and the defendants and Phineas Cragan, in order to prevent the taking of a valid recognizance in a proper amount for said offense, fraudulently and by collusion per-

mitted the said Bulson to enter into a recognizance in the sum of fifty dollars to secure his appearance at court for said offense, they will find the issues for the plaintiff.

The defendants then asked the court to instruct the jury in their behalf as follows:

1. If the jury believe, from the evidence, that Bulson, the accused, together with Cragan and others, went before James M. Soles, to have an examination of the accused, because of the prejudice of the people of Victoria against him, and that they had no other motive in going before Soles; and that Soles acted in good faith in fixing the amount of the bail in the sum of $50, then the jury will find for the defendants.

2. Unless the jury believe, from the evidence, that James Soles, the justice of the peace who took the first recognizance, acted fraudulently in taking the recognizance, they will find for the defendants.

The court gave the first instruction as asked by defendants, and the second, after modifying it so as to read as follows:

" Unless the jury believe, from the evidence, that James Soles, the justice of the peace who took the first recognizance, acted in fraudulent collusion with the defendants and Cragan in taking the recognizance, they will find for the defendants."

The jury found the issues for the plaintiffs. A motion for a new trial and in arrest of judgment was overruled, and a judgment entered against the defendants, from which they took this appeal.

The principal questions arising under the assignment of errors, are, *first*, whether the omission of the magistrate, Cook, to indorse upon the *mittimus* the sum in which bail might be taken, operated to vitiate that writ; *second*, whether a party accused of crime may be properly required to enter into a second recognizance for the same offense; *third*, whether the court erred in giving the instruction on behalf of the People, and in modifying the second instruction offered by the defendants.

Messrs. A. TYLER, and J. J. BENNETT, for the appellants.

Mr. D. P. JONES, State's Attorney, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This was an action by *scire facias* on a recognizance brought in the Knox Circuit Court, and by appeal to this court.

The pleadings in the cause present these questions : Is a *mittimus* void, if the committing magistrate does not indorse on it, in bailable cases, in what sum bail ought to be taken, though in the body of it, such sum is specified ?

*Second.* Can an accused person who has, by collusion and contrivance of the witnesses, the complainant and justice of the peace, been arrested and discharged on bail, be again arrested by a warrant issued by another justice of the peace and required to give bail in a larger amount for the same offense ?

By section 206 of the criminal code, it is made the duty of the judge or justice committing a person to jail, charged with a criminal offense, to indorse on the warrant of commitment, in bailable cases, in what sum bail ought to be taken.

The object of this provision is, manifestly, to inform the officer having the warrant, of the amount of bail proper to be taken in the particular case, he himself having no power to fix the amount. For this purpose, a strict compliance with the law is not indispensable, so that the officer gets this knowledge from the warrant. If it is conveyed to him, by the written direction of the justice of the peace, appearing on the face, it ought to be regarded as efficacious as if it was on the back of the warrant. The limit of bail is fixed by the proper officer, and a knowledge of it conveyed to the arresting officer by the written direction of the magistrate in the body of the warrant, and this, we think, is a sufficient compliance with the statute.

The third plea does not deny that the amount of bail was fixed by competent authority, nor that the officer took bail in the amount fixed, but only denies that the amount had been indorsed on the warrant, which was not sufficient. *Trimble* v. *The State*, 3 Ind. 151, and cases cited in note. The demurrer should have been sustained to this plea, but as

the issue upon it was found for the plaintiff, he is not injured by overruling the demurrer.

Upon the other question, we can entertain no doubt. The fact of collusion and connivance was distinctly found by the jury, and we think correctly, according to the evidence. The whole proceeding before Soles, was a made-up affair, the complaint on oath of the larceny being made by one who was employed as a tool by the friends of the accused, and who stated on the trial that he knew nothing whatever of the matter. The real party in interest, the owner of the property alleged to have been stolen, had previously entered his complaint before Cook, another justice of the peace, who issued a warrant thereon, and such proceedings were had in the due administration of the criminal laws of the State, as to result in the subsequent arrest of Bulson, and in a demand of bail in the sum of five hundred dollars, the offense charged being punishable by confinement in the penitentiary on conviction. When these proceedings were had before Cook, the former conviction of the same offense before Soles, was not alleged or set up by way of defense to the proceeding, but the same was acquiesced in by the accused. At this subsequent investigation, was the time to urge his previous conviction and holding to bail. It is now too late to urge any such objection. Nor was the first investigation conclusive. *In the matter of John McIntire,* 5 Gilm. 422. The justice had jurisdiction of the offense charged, and his action cannot be impeached now, for supposed illegality, as it is now a record of this court, and cannot be assailed.

The name Frederick, in the replication to the fourth plea, is evidently a clerical error. *Pardee* v. *Lindley, ante,* 174.

The replication in all its parts shows Isaac Bulson was the person arrested, and not Frederick. That name is in the replication by mistake, as is very evident.

The jury have found the collusion charged, and we are satisfied with the finding. That question was fairly and fully submitted to them, and we will not disturb the verdict.

The question permitted the State's attorney to ask Soles, if any of the witnesses sworn before him on the examination,

swore that Isaac Bulson stole the cow, may be objectionable as leading, but as the answer was in the negative, that he could not tell what they swore to, but thought they did not swear directly that he stole the cow, no injury resulted to the defendants from the question in the form put, even if leading. At any rate, the merits being so clearly with the appellees, we would not reverse a just judgment for an error so slight as this, if this be an error.

We can perceive no objections to the instructions given, nor to the modification of the defendants' second instruction. As modified, it declared the law of the case under the issue made by the fourth plea.

We have not been furnished in this case with any abstract of this record, which is very voluminous and very unskillfully made up, and would have been well warranted in disposing of the case in a summary way, for want of an abstract. In future cases, where abstracts shall be wanting, we will not search into the record to find the facts, but take them as we find them in the briefs, or dispose of the cases in the most summary way.

There being no error in this record, the judgment is affirmed.

*Judgment affirmed.*