## THE STATE OF IOWA v. GREEN AND MANN.

1. PRACTICE: CRIMINAL CAUSES. Where one of two defendants in a criminal action pleaded a former conviction, and the other a former acquittal, and the issues joined thereon were found against them, it was held, that the Court did not err in proceeding to judgment without another trial on the question of guilt.

2. FORMER ACQUITTAL OR CONVICTION: WHEN FRAUDULENT. The judgment of a Justice of the Peace in a criminal proceeding instituted by the procurement of the defendants, in which their conviction or acquittal is secured by fraud or collusion, may be appealed to the appellate court, or disregarded and treated as void. It is no bar to other proceedings against the same defendants for the same offense.

*Appeal from Jackson District Court.*

MONDAY, JUNE 6.

IN July, 1862, the defendants were charged and arrested for the offense of exciting a disturbance of a public meeting lawfully assembled. At the trial they separated in their defense, Mann pleading not guilty, and former acquittal for the same offense, Green pleading former conviction. The pleas of the former were sustained, and he was acquitted; that of the latter was not; and refusing to plead further, the justice directed the plea of not guilty to be entered for him, on the hearing of which he was found guilty, and sentenced to thirty days' imprisonment.

In the District Court, on an appeal, a motion was again made for a separate trial, which was refused. The defendants then withdrew their pleas of not guilty, and stood upon their special defenses of former acquittal and former conviction. To these special pleas were interposed by the State, a denial, and the further allegation that they had been brought about by fraud and collusion.

The trial of these issues resulted in the conviction of both defendants, who thereupon appeal.

*W. E. Leffingwell* for the appellant.

I. After the plea of former acquittal or conviction is found against a defendant, he should be allowed to plead over and have another trial on the issue of guilt. Rev. 1860, § 5100; Const., art. 1, § 9; *Commonwealth* v. *Barge*, 3 Pa., 262; *Foster* v. *The Commonwealth*, 8 Watts & S., 77; *Commonwealth* v. *Goddard*, 13 Mass., 456; *Ross* v. *The State*, 9 Mo., 696.

II. The offense charged against the defendants is one of which Justices of the Peace have exclusive original jurisdiction. Rev., 1860, §§ 4390, 5055. The judgment of the justice was final, unless reversed on appeal. Whart. Cr. L., § 541; Rev., 1860, § 5094.

III. The Court erred in permitting the witnesses to detail all the facts connected with the transaction. The evidence was not pertinent to the issue of former acquittal or conviction, and should have been excluded. *Peck* v. *The State*, 2 Humph., 78; Whart. Cr. L., § 3090; *The People* v. *Spooner*, 1 Denio, 343; *Carter* v. *The People*, 2 Hill, 317; *The People* v. *Restell*, 3 Id., 289; *The People* v. *White*, 14 Wend., 111; *Commonwealth* v. *Parr*, 5 Serg. & Watts, 345.

IV. The verdict should be set aside for the misconduct of the jurors. *Veiths* v. *Hagge*, 8 Iowa, 163; Whart. Cr. L., § 3140; *Hudson* v. *The State*, 9 Yerg., 468; *Parkins* v. *Knight*, 2 N. H., 474; *Bennett* v. *Howard*, 3 Darg., 223; *Knight* v. *Freeport*, 13 Mass., 218.

The counsel for the appellant also reviewed the following authorities relied upon by the State in the court below, in support of the proposition that proceedings instituted at the instigation of the defendants, in which the material facts were suppressed, may be treated as a nullity, the counsel contending that they were based upon statutory provisions essentially different from those of Iowa. *Commomwealth* v. *Alderman*, 4 Mass., 477; *Commonwealth* v.

*Jackson,* 2 Va., 501; *State* v. *Little,* 1 N. H., 257; *The State* v. *Odell,* 4 Blackf., 156; *The State* v. *Brown,* 12 Conn., 54; *The State* v. *Payne,* 4 Mo., 376; *The State* v. *Rector,* 1 Eng., 187; *The State* v. *Atkinson,* 9 Hamp., 677; *Fassett* v. *Stephen,* 14 Shep., 266; *The State* v. *Casey,* Busbee, 209.

*C. C. Nourse,* Attorney-General, for the State.

I. Defendants might plead "former conviction or acquittal and not guilty," one or both. Rev., 1860, § 4714, part 3. The plea of not guilty being withdrawn after verdict upon their other pleas, the State was entitled to judgment, and no objection was taken thereto in the District Court. Rev., 1860, § 4833, part 2. Upon a trial of a plea in bar at common law, in cases of misdemeanor, defendants were not permitted to plead over. See authorities cited by defendant. *Barge* v. *Commonwealth,* 2 Pa., 262. The same rule prevails in our State in civil causes in abatement. *Marshman* v. *Carlisle Mill Company,* Iowa; not reported.

II. Due process of law is a trial according to the forms and guaranties of the common law. *Ex parte Grace,* 12 Iowa, 214. If the former judgment of conviction or acquittal was procured by the fraud of defendants, it is a nullity, and constitutes no defense. See cases cited by defendant, also: 1 Bishop Crim. Law, § 679; *State* v. *Lowre,* 1 Swan, 34; *State* v. *Calvin,* 11 Hump., 599; 4 Am. Law Reg., 1. In this case the fraud and collusion is fully established by the evidence.

III. As to the affidavit of W. S. Graham, and the motion for a new trial, we say: That the affiant was in another room from the one where the conversation was; that Segers did not know the juror, and was not talking to him. It does not appear what Segers said, or what part of it the juror heard, if any, or whether anything was said that could prejudice defendant. See Graham on New Trials, 63; *Langworthy* v. *Myres,* 4 Iowa, 23; *State of Iowa* v. *Accola,* 11 Iowa, 246.

LOWE, J.—At the trial below it was developed, that during the progress of a public meeting, quietly and lawfully assembled, and while the same was being addressed by a public speaker, that the defendants, together with one Tracy, disturbed and broke up the same, by throwing eggs at the speaker, and afterwards beating and bruising him, and committing other wrongs, &c. Soon thereafter the defendants and the said Tracy informed upon each other before Squire Black, stating their offense to have been the disturbance of a public meeting, by simply making noises, &c., concealing the violence and the main circumstances aggravating the same. Under the facts as disclosed, Justice BLACK acquitted Mann, fined Tracy one, and Green five dollars. Afterwards a new complaint was made against the present defendants, who were tried and convicted in the manner above stated. To this last procedure several objections are made.

First. That after the issues under the pleas of former conviction and acquittal were determined against the defendants, by the verdict of the jury, the Court proceeded to judgment without trying the defendants again on the question of their guilt. This course of practice was not irregular, but warranted by § 4833 of the Revision. Separate trials, upon distinct issues or defenses, is not the policy of the statute, which authorizes the plea of not guilty, and former conviction or acquittal to be pleaded together, and as a corollary from this, to be tried together. § 4714, Revision. The defendants in this case, before trial, withdrew their pleas of not guilty, and after their special defenses were found against them, did not ask to plead over, nor did they make any objection to the action of the Court on the finding of the jury. It is now too late to question the regularity of their conviction.

Second. It is objected that, inasmuch as the defendants had been tried for the same offense before a justice hav-

ing jurisdiction, with the right of appeal secured to the aggrieved party, that it was not competent for the State to commence a new proceeding against them. As a general proposition this is true, but it was alleged that the former trial had been brought about by the procurement. of the defendants themselves, and that their conviction and acquittal were the result of fraud and collusion on their part. This allegation was found to be true, and the verdict of the jury in this respect was justified by the evidence, which showed a fraudulent suppression of the chief criminal acts of the defendants.

In this state of case, the State had its election, to appeal, or to treat the action of the magistrate as a farce, and his judgment as a nullity. If it chose the latter, it was competent to commence a new prosecution, &c. See 1 Bishop Crim. Law, § 679; *State* v. *Brown*, 12 Conn., 54; *Cone* v. *Jackson*, 2 Va., 10, 501; *State* v. *Little*, 1 N. H., 257, 258; *State* v. *Lowrie*, 1 Swan, 74; *State* v. *Corbin*, 11 Hump., 599.

Lastly. There are two or three other less important objections, a distinct mention of which is not called for, as they cannot and ought not to have the effect to reverse the judgment below, and the same is, therefore,

Affirmed.