## The State of Missouri, Respondent, *v.* John C. Cole, Appellant.

1. *Practice, criminal — Assault and battery — Prior conviction not a defense when fraudulently obtained.*—A defendant, having committed an assault and battery, procured himself to be arrested and fined a small amount. *Held,* that such conviction and fine was not a defense to a subsequent prosecution instituted by the injured party for the same offense. Such action was a mere fraud upon the criminal justice of the State, and cannot be allowed to succeed.

### *Appeal from Jefferson Circuit Court.*

*Green & Thomas,* for appellant.

Defendant had been convicted and fined by a court of competent jurisdiction for the same offense. Defendant went before the justice and pleaded guilty. What, then, was left to be tried? If a jury had been sworn, what duty would it have had to perform? Simply fixing the fine. The guilt was established by the plea of guilty, and the justice had the undoubted right to assess the punishment.

*G. D. Reynolds* and *H. F. Ahlvers,* for respondent.

Currier, Judge, delivered the opinion of the court.

The defendant, having committed an assault and battery, as the case shows, went before a justice and instituted proceedings against himself, and was fined three dollars and costs. Subsequently the present prosecution was instituted by the injured party for the same offense. The defendant pleads the former conviction in bar of the prosecution.

It is apparent that the first prosecution was a mere sham, gotten up by the defendant to shield him from the consequences

of a real prosecution followed up by a real prosecutor. His action in that respect was a fraud upon the criminal justice of the State, and cannot be allowed to succeed. The conviction, if such it might be called, is no bar to the present prosecution. It is a sufficient answer to the plea, that the alleged conviction was procured by the fraud and evil practice of the defendant himself. (3 Greenl. Ev., § 38, and authorities cited.)

Let the judgment be affirmed. The other judges concur.