## COMMONWEALTH *vs.* CHARLES W. DASCOM.

The defendant to an indictment having pleaded *autrefois convict*, and the Commonwealth
having replied that the conviction was procured by the defendant's fraud, it was agreed
by the parties that the defendant should also plead not guilty and that both issues should
be tried at the same time by the jury, which was done, and the jury found the defendant
guilty. *Held*, that he had no ground of exception.

A former conviction is no bar to an indictment for an assault, if it was fraudulently procured
by the defendant for the purpose of avoiding the effect of a complaint by the person as-
saulted; and evidence that the defendant, a few hours after the assault, sought to make a
complaint against himself before a trial justice, and failing in this, got a constable to
complain of him before another trial justice, immediately pleaded guilty and was fined,
is sufficient to warrant a finding of such fraudulent procurement.

INDICTMENT for an assault and battery upon Joseph S. How-
land. The defendant filed a plea alleging that he had been con-
victed of the assault and battery on a complaint before a justice
of the peace. The Commonwealth filed a replication, admitting
the fact of the conviction, but alleging that the defendant pro-
cured it " by his own confession, information and procurement
and by fraud." Trial in the Superior Court for Middlesex, be-
fore *Putnam*, J., who allowed the following bill of exceptions :

" It was agreed between counsel that the defendant should
enter a plea of not guilty, and that the questions raised by the
plea and replication should be tried before the jury, at the same
time with the trial upon the merits. The defendant then, before
the jury, admitted that he committed the assault complained of,
offered in evidence the record of the former conviction, claimed
that it was conclusive in this case, and asked the judge so to rule
and to instruct the jury to return a verdict of not guilty.

" The district attorney admitted that the offence set forth in
the record was the same as that now on trial, but claimed that
the defendant fraudulently procured himself to be complained of
by some person other than the injured party, for the purpose
of avoiding the effect of a subsequent complaint by the injured
party.

" The judge declined to rule as requested by the defendant, but
stated that the record of the former conviction was conclusive in
this case, and that he should instruct the jury to find the defendant

not guilty, unless they found that the defendant fraudulently procured himself to be complained of before the magistrate and arrested on a warrant, and voluntarily submitted to a conviction on such complaint, for the purpose of avoiding the effect of a subsequent complaint made by the injured party, which he believed, or had reason to believe, would be made against him; and the judge allowed the Commonwealth to offer evidence on this point.

" The Commonwealth then offered evidence tending to show, that about three hours after the assault was committed, the defendant went to a trial justice in Natick, stated to him that he had committed an assault on Howland, and wanted to complain of himself. The trial justice refused to take the complaint under such circumstances, and the defendant then went to a constable in Wayland and told him he had committed the assault, and wanted to put himself under arrest and be taken at once before David Heard, Esquire, a trial justice in Wayland, that his case might be disposed of immediately. The constable then took him to said justice, and made the complaint, the justice issued the warrant, the defendant was arrested by the constable on the warrant, told his own story to the magistrate, pleaded guilty of the offence, and was fined.

" On this evidence the judge left it to the jury to say whether the defendant acted *bona fide* from honest motives or not, and gave them the instructions which he had previously indicated he should give. The jury found the defendant guilty," and he alleged exceptions.

*L. H. Wakefield*, for the defendant.

*J. C. Davis*, Assistant Attorney General, for the Commonwealth.

GRAY, J. The trial of the issue upon the plea of the former conviction together with the general issue in the case was irregular, but, as it was by agreement, the defendant is bound by the result. *Commonwealth* v. *Merrill*, 8 Allen, 545, 547.

The jury, having been instructed to find the defendant not guilty " unless they found that the defendant fraudulently procured himself to be complained of before the magistrate and arrested on a warrant, and voluntarily submitted to a conviction on

such complaint, for the purpose of avoiding the effect of a subse·
quent complaint made by the injured party, which he believed,
or had reason to believe, would be made against him," have, by
convicting the defendant, necessarily found that there was such
fraudulent conduct on his part.

It has been settled in this Commonwealth from a period before
the reports of decisions began to be published, that a conviction
for assault and battery, obtained by collusion of the defendant
before a justice of the peace, was no bar to an indictment for the
same offence. Notes of two cases before the full court upon the
subject, have been preserved among the manuscripts of Chief
Justice Dana. In the first, also reported in 6 Dane Ab. 731, the
attorney general, after demurrer to the plea of *autrefois convict*,
and judgment thereon for the defendant, was refused leave to re-
plead and allege that the conviction was obtained by collusion.
*Commonwealth* v. *Sheldon*, Essex, November term 1789. In the
second, the attorney general replied to the plea of a conviction
of the same offence before a justice of the peace, that it was
procured by collusion of the defendant; the defendant rejoined,
traversing the collusion, and tendering an issue to the country, in
which the attorney general joined; upon a trial, the jury found
that the former conviction was collusive in manner and form as
set forth in the replication, and the defendant was sentenced.
*Commonwealth* v. *Brown*, Middlesex, October term 1798; Rec.
1798, fol. 180. The latter is evidently the case referred to by
the court in *Commonwealth* v. *Alderman*, 4 Mass. 477. Like de·
cisions have been made in other states. *State* v. *Little*, 1 N. H.
257. *Commonwealth* v. *Jackson*, 2 Va. Cas. 501. *State* v. *Epps*,
4 Sneed, 552. *State* v. *Green*, 16 Iowa, 239.

The instructions at the trial were in accordance with these de-
cisions, and the evidence introduced was sufficient to warrant the
jury in finding that the former conviction was procured by the
fraud of the defendant.                    *Exceptions overruled.*