## WATKINS v. THE STATE.

CRIMINAL LAW.—*Assault and Battery.—Conviction before Justice of Peace, Fraudulently Procured by Defendant, no Bar to Indictment.*—Where a person has fraudulently procured himself to be complained of, before a justice of the peace, for an assault and battery, and to be arrested on a warrant, and has voluntarily submitted to a conviction on such complaint, for the purpose of avoiding the effect of a subsequent complaint, made by the injured party, which he believed or had reason to believe would be made against him, such conviction is no bar to a subsequent indictment for the same offence.

SAME.—*Penalty.— When Conviction not deemed Fraudulent.*—Under the statute of this State, the legal penalty for an assault and battery is a fine in any sum " not exceeding one thousand dollars, to which may be added imprisonment not exceeding six months." 2 R. S. 1876, p. 459, sec. 7. Therefore, in such case, the rule can not apply, that when the legal penalty is exact and certain, and a person who carries on a prosecution against himself has borne it in full, the judgment will not be deemed fraudulent in law.

From the Gibson Circuit Court.

*C. A. Buskirk*, for appellant.

*T. W. Woollen*, Attorney General, and *W. H. Trippett*, Prosecuting Attorney, for the State.

HOWK, C. J.—This was a prosecution against the appellant, upon affidavit and information filed in the circuit court, on the 10th day of April, 1879, for an assault and battery alleged to have been by him committed on the 16th day of February, 1879, at Gibson county, on one Lenora Watkins.

To the information the appellant answered by a special plea in bar, setting up his former conviction of and for the same offence, by and before a justice of the peace of Gibson county, on the 5th day of April, 1879. To this special plea or answer, the State, by its attorney, replied in two paragraphs, to wit:

1. A general denial; and,

2. A special reply.

The appellant demurred to the special reply, for the alleged insufficiency of the facts therein to constitute a reply, which demurrer was overruled by the court, and to this ruling the appellant excepted.

On arraignment the appellant's plea was, that he was not guilty, and, by consent, the issues joined were tried by the court, and a finding was thereon made for the State, that the appellant was guilty as charged, and assessing his fine in the sum of five dollars; and judgment was rendered accordingly.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his demurrer to the second reply of the State to his special plea or answer. In this second reply, the State alleged, in substance, that the said conviction and judgment before the said justice of the peace, as set out and averred in the appellant's plea in bar, were procured by the fraud of the appellant, in this, that the appellant, on the 5th day of

April, 1879, being then and there the son of one Purnell Watkins, and residing with and at the home of said Purnell Watkins, requested and procured him, the said Purnell, to make the affidavit mentioned in said plea in bar; and the appellant and said Purnell Watkins then and there agreeing and colluding for the purpose of keeping said offence, charged in said affidavit, from being prosecuted in good faith, and from being prosecuted in the Gibson Circuit Court, and for the purpose of defeating the ends of justice by procuring a low and inadequate penalty to be assessed against the appellant for said offence, went together before said justice on said day, and then and there, and in collusion with the appellant, and at his special instance, request, desire and wish, fraudulently made and filed the said affidavit, and that, after the formal issuing of a warrant by said justice, and the formal arrest of the appellant on said warrant, thereupon the appellant plead guilty to the charge contained in said affidavit, and the said justice thereupon rendered judgment, assessing a fine against the appellant for said offence in the small sum of five dollars, and being the same judgment mentioned in said plea in bar; that in the making of the said affidavit and the filing thereof, and in the pretended trial as aforesaid, the State of Indiana was not then and there represented and was no party to said judgment; that the fine assessed against the appellant in said judgment was wholly inadequate and too low for the grave and particular offence charged in said affidavit and the information herein; that said offence was in the appellant's beating Lenora Watkins, who was then and there the appellant's wife, striking her, the said Lenora, with a ramrod on her back and shoulders eight or ten times, with great severity, and then and there and thereby bruising her flesh; that the said beating and striking were then and there done in great anger and malice, and without any provocation whatever;

that, at the time the appellant requested the said Purnell Watkins to make the affidavit as aforesaid, and at the time of the filing of said affidavit and of the rendition of said judgment thereon, and all the time from the time of the commission of said offence, as charged in the information herein, up to the time of the rendition of said judgment, the appellant, as well as the said Purnell Watkins, believed, and had good reason to believe, that the said Lenora would institute a prosecution against him, the appellant, for said offence; and it was for the purpose of avoiding the effect of such a prosecution, begun and instituted by said Lenora and at her instance, that the appellant procured the said Purnell Watkins to institute said proceedings before said justice; and this the State, by its attorney, was ready to verify.    Wherefore, etc.

It seems to us that the court committed no error in overruling the appellant's demurrer to this special reply, for the facts alleged therein, if true, and, as they are well pleaded, the demurrer admits them to be true, show, beyond all question or room for doubt, that the proceedings before the justice were instituted, and his judgment thereon was obtained against the appellant, by his own procurement, with the fraudulent intent and purpose to defeat and bar thereby a prosecution in good faith by the injured party. It can hardly be believed that any man would, in good faith, institute a criminal prosecution against his own son, for the purpose either of vindicating the majesty of the law, or of securing the just punishment of the guilty. The law on the subject under consideration is thus stated in section 1010 of 1 Bishop on Criminal Law:

" But sometimes a man, conscious of guilt, procures proceedings against himself, and suffers a slight punishment, thinking thereby to bar a prosecution carried on in good faith. In such a case, if the first proceeding is really managed by himself, either directly or through the

agency of another, he is, while thus holding his fate ·in his own hand, in no jeopardy; the plaintiff State is no party in fact, but only such in name; the judge is imposed upon indeed, yet in point of law adjudicates nothing ; ' all is a mere puppet-show, and every wire moved by the defendant himself.'. The judgment therefore is a nullity, and is no bar to a real prosecution."

In the case of *Commonwealth* v. *Dascom*, 111 Mass. 404, the doctrine was fully sanctioned and approved, that where a person has fraudulently procured himself to be complained of before a justice of the peace, for an assault and battery, and to be arrested on a warrant, and has voluntarily submitted to a conviction on such complaint, for the purpose of avoiding the effect of a subsequent complaint, made by the injured party, which he believed or had reason to believe would be made against him, such conviction, thus procured for such fraudulent purpose, would be no bar to a subsequent indictment for the same offence. To the same effect are the following cases : *Commonwealth* v. *Alderman*, 4 Mass. 477 ; *The State* v. *Little*, 1 N. H. 257 ; *Commonwealth* v. *Jackson*, 2 Va. Cas. 501 ; *The State* v. *Epps*, 4 Sneed, 552 ; *The State* v. *Green*, 16 Iowa, 239 ; *The State* v. *Atkinson*, 9 Humph. 677 ; *The State* v. *Lowry*, 1 Swan, 34; *The State* v. *Clenny*, 1 Head, 270; *The State* v. *Colvin*, 11 Humph. 599 ; *The State* v. *Yarbrough*, 1 Hawks, 78.

The appellant's counsel seems to rely, in argument, upon the law as stated in the concluding sentence of said section 1010, in 1 Bishop on Criminal Law, 5th ed., as follows :

" It would seem, however, that here, if the legal penalty was an exact and certain one, and the person thus carrying on the cause against himself had actually borne it in full, not merely in part, the State would have suffered nothing, and so the judgment would not be deemed in law fraudulent."

Conceding that the sentence quoted contains a correct statement of the law applicable to the case mentioned therein, as perhaps it does, it seems to us that the doctrine therein enunciated would not apply to the case now before us. For, under the statute of this State, the legal penalty for an assault and battery is a fine in any sum "not exceeding one thousand dollars, to which may be added imprisonment not exceeding six months." 2 R. S. 1876, p. 459, sec. 7.

It can not be said, therefore, that the legal penalty for an assault and battery is, in this State, an exact and certain one; nor can it be said, upon the facts alleged in the second reply in this case, that the appellant had actually borne such legal penalty in full.

The appellant's demurrer to the special reply was correctly overruled.

The judgment is affirmed, at the appellant's costs.