Shideler v. The State.

No. 16,146.

## SHIDELER v. THE STATE.

CRIMINAL LAW.—*Former Acquittal Procured by Fraud.*—*Subsequent Prosecution.*—*Collateral Attack.*—Where a prosecution is regularly commenced by the prosecuting attorney, and the State is represented throughout by him, but pending the prosecution the prosecuting attorney is bribed to procure an acquittal, the judgment of acquittal thus procured is not void because of the fraud, but only voidable, and can not be collaterally attacked by the State.

From the Madison Circuit Court.

*F. P. Foster, W. A. Kittinger* and *L. M. Schwinn,* for appellant.

*A. G. Smith,* Attorney General, and *A. C. Carver,* Prosecuting Attorney, for the State.

McBRIDE, J.—On the 18th day of April, 1890, an affidavit was made before the clerk of Madison county, charging the appellant with the crime of bigamy. The prosecuting attorney for that judicial circuit, on the same day, filed the affidavit in the clerk's office of that county, together with an information based thereon. The records of the Madison Circuit Court show that, on the 19th day of May, 1890, the appellant was arraigned and entered a plea of not guilty, was tried by the court and acquitted, and that throughout the State was represented by the prosecuting attorney. September 22d, 1890, he was indicted by the grand jury of that county for the same offence, and on being arraigned he filed a plea of former acquittal. A reply was filed alleging that the former acquittal was procured by fraud. A demurrer to the reply was overruled; there was a plea of not guilty, and a trial which resulted in the conviction of the appellant, and he was sentenced to two years' imprisonment in the State prison.

The judgment of conviction can only be sustained by treating the judgment of acquittal in the first proceeding as absolutely void and ignoring it. Can this be done?

Shideler *v.* The State.

Waiving any question as to the technical sufficiency of the reply, the facts, as the State claims to have established them by evidence on the trial, and which are relied upon as sufficient to justify the collateral attack on the judgment of acquittal, are substantially as follows : That, after the commencement of the first prosecution, persons acting in the interest of the appellant corrupted the prosecuting attorney by paying him a bribe of $500 to connive at appellant's escape from punishment; that, although the fact of appellant's guilt was beyond controversy, and the evidence ample to secure a conviction, the witnesses for the State, who had arranged with the prosecutor to come, and who would have come at any time on notice, were not subpœnaed, or in any other way notified of the time of the trial, and were none of them present; that the prosecutor and the appellant went into court together without witnesses, a plea of not guilty was entered, and the case submitted to the court for trial without a jury; that the only evidence adduced was the statement of the accused and two *ex parte* affidavits produced by him; that this was all in accordance with said corrupt arrangement to secure the appellant's escape from punishment; and that it was upon such presentation of the case alone that the finding and judgment of acquittal were based.

It has been many times decided, and may be regarded as settled law, that if one procures himself to be prosecuted for an offence which he has committed, thinking to get off with slight punishment, or none, and to thus bar a prosecution in good faith by the State for the same offence, if the proceeding is really managed by himself, either directly or through the agency of another, and the State, while a party in name, is not so in fact, and has no actual agency in the matter, the judgment thus procured is void, and affords no protection.    1 Bishop Crim. Law, section 1010 ; Archbold Crim. Prac. and Pl. 352 (note by the American editor); *Watkins* v. *State,* 68 Ind. 427 ; *Halloran* v. *State,* 80 Ind.

586 ; *Ice* v. *State, ex rel.,* 123 Ind. 590 ; *Gresley* v. *State, ex rel.,* 123 Ind. 72 ; *State* v. *Lowrey,* 1 Swan, 34 ; *State* v. *Clenny,* 1 Head, 270 ; *State* v. *Colvin,* 11 Humph. 599 ; *State* v. *Yarbrough,* 1 Hawks, 78 ; *Commonwealth* v. *Dascom,* 111 Mass. 404 ; *Commonwealth* v. *Alderman,* 4 Mass. 477 ; *State* v. *Little,* 1 N. H. 257 ; *State* v. *Wakefield,* 60 Vt. 618 ; *Commonwealth* v. *Jackson,* 2 Va. Cases, 501 ; *State* v. *Epps,* 4 Sneed, 551 ; *'State* v. *Green,* 16 Iowa, 239 ; *State* v. *Atkinson,* 9 Humph. 677 ; *State* v. *Brown,* 16 Conn. 54 ; *State* v. *Simpson,* 28 Minn. 66 (41 Am. Rep. 269) ; *McFarland* v. *State,* 68 Wis. 400 ; *State* v. *Cole,* 48 Mo. 70.

While the judgments in such cases as those above cited are fraudulently procured, and are frequently said to be void because of the fraud practiced, it is apparent that a better reason for holding them void, and not binding upon the State is, that the State is not a party to them.

The State can no more be bound by a judgment to which it is not a party than a citizen of the State can. If A. and B. engage in litigation, and during its pendency B. corrupts A.'s attorney, and through him procures the rendition of a judgment unjust to A. and enuring to B.'s advantage, although the judgment is thus tainted by fraud, if the court had jurisdiction of the subject-matter, and the proceedings are apparently fair and regular on their face, the judgment is not void and can not be attacked collaterally.

A judgment rendered under such circumstances is voidable, and the court rendering it will promptly set it aside on the fraud being shown. Freeman Judg. 99.

A court of equity will also give relief from a judgment thus procured. Black Judg., section 919 ; Freeman Judg. 486, *et seq.;* Pomeroy Eq. Jur. 919.

The attack, however, must be direct and not collateral. Black Judg., section 290, *et seq.,* and cases cited.

If, however, B., without the knowledge or consent of A., and wholly without authority, personates him, or procures another to personate him, and prosecutes a suit in A.'s name,

but actually in the interest of B., whereby a judgment is rendered to the disadvantage of A., and advantage of B., it would be contrary to all principles of justice to hold that A. was, in any manner, or to any extent, bound by such judgment. Never having been a party to it, or having any notice or knowledge of the proceeding, he may treat it as a nullity, and may attack it collaterally as the State was allowed to do in each of the several cases cited.

In speaking of such cases, Bishop well says: " He (the defendant) is, while thus holding his fate in his own hand, in no jeopardy. The plaintiff State is no party in fact, but only such in name ; the judge is imposed upon indeed, yet in point of law adjudicates nothing; all is a mere puppet show, and every wire moved by the defendant himself." 1 Bishop Crim. Law, section 1010.

The Supreme Court of New Hampshire, in *State* v. *Little*, *supra*, suggest a query, whether a judgment can ever be regarded as fraudulent and void when the State has been actually represented by its proper prosecuting officer.

We have been unable to find any case in the books presenting the peculiar features of the case at bar, where the courts have considered the sufficiency of a judgment thus procured as a defence to another prosecution for crime.

Here, the first prosecution was commenced regularly, and in good faith, and the State was represented throughout by its regularly authorized officer and agent, the prosecuting attorney. The charge is that pending the prosecution the prosecuting attorney was corrupted, and paid to secure an acquittal instead of a conviction. So far as disclosed by the record, the prosecution proceeds with regularity throughout.

The arraignment, plea, and submission are regular, but the trial is a farce.

The distinction between such a case and those cited is at once apparent, and is very broad. While the baseness of an officer who will thus prostitute his office can not be too severely condemned, and while he should receive prompt and

severe punishment, our indignation should not be allowed to blind us to the principle involved. Our anxiety to rectify this wrong done, and punish the wrong-doer, should not lead us to violate established principles of law in our efforts to do so.

In the first prosecution the court had jurisdiction both of the subject-matter and of the parties. As above stated, the proceedings were regular up to and including the submission, and are not void. The steps taken were the usual, proper and necessary steps in such a case, except that the defendant had the right to a jury trial, instead of a trial by the court. It is not pretended, however, that the judge was corrupt, or that his action was not characterized throughout by the highest and purest motives, and most sincere devotion to duty. When the cause was submitted for trial, jeopardy attached; so that, even if the extreme position were taken, and the trial regarded as a nullity, and the judgment absolutely void, we could expunge both from the record, and there would still remain a valid prosecution pending, awaiting trial.

Upon the other hand, if the former judgment, while voidable because of the fraud, is not void (which is our opinion), it is not open to collateral attack. In either view of the case, it follows that the court erred in ignoring the first prosecution, and in allowing a new and independent prosecution to be maintained. Whatever rights the State has must be worked out in the original proceeding. The views we have expressed necessarily lead to a reversal.

It is unnecessary, and would be premature, for us to decide, at this time and in this case, what will be proper procedure for the State in the future conduct of this matter. We will only say that the question is not free from difficulty. It has, however, received consideration from those learned in the law, and some interesting and valuable suggestions will be found in 1 Bishop Crim. Law, section 1008 and 1009.

See, also, *Rex* v. *Bear,* 2 Salk. 646; *State* v. *Tilghman,* 11 Iredell, 513; *State* v. *Swepson,* 79 N. C. 632.

Judgment reversed.

Filed Oct. 6, 1891.

## On Petition for a Rehearing.

McBride, J.—A petition for a rehearing by the State is based on an evident misapprehension of the scope and effect of the original opinion.

While it is true that a prosecution which is in fact instituted and carried on to final judgment by or in the interest of a guilty person, to enable him to defeat justice, and escape merited punishment (he in person, or by his instruments managing both sides), may be treated as void by the State, and ignored, on the ground that the State is not in fact in any sense a party to *it,* and therefore not bound by it, *this is not true where the State is in fact a party to the proceeding.* Where a prosecution is in fact regularly commenced by the prosecuting attorney, and is thereafter carried to final judgment, the State being represented throughout by its sworn officer, the prosecuting attorney, such judgment is not void because the prosecutor was corrupted during the pendency of the proceeding. *The State is a party to such judgment.* The conduct of its unworthy representative, conspiring with the guilty party may render it voidable, but it can not be ignored.

Petition for rehearing overruled.

Filed Nov. 21, 1891.