THE STATE of MISSOURI, Respondent, v. HENRY FREEMAN, Appellant.

56  579
86  646

Kansas City Court of Appeals, January 8, and February 19, 1894.

1. **Criminal Procedure:** AUTREFOIS CONVICT: MUNICIPAL PROSECUTION. When a defendant has been under due form of law convicted in either a municipal or state court of an assault and battery, he cannot be again convicted of the same offense in the other.

2. ————: MUNICIPAL PROSECUTION: ARREST: STATUTE: PRESENCE OF INJURED PARTY. The fact that the marshal of a city has no warrant or that the accused went willingly, will not invalidate the proceedings before the police court in cities of the fourth class, as the statute contemplates an arrest without a warrant. *Held*, further, section 4348, Revised Statutes, 1889, enacting that a plea of guilty shall not be accepted unless the injured party have notice and an opportunity to be heard, does not apply to police courts.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*Tyson S. Dines* and *Crawley & Son* for appellant.

The trial court should have sustained appellant's motion in the nature of a plea in bar, and by refusing to do so and holding appellant for trial, committed manifest error. *State v. Simonds*, 3 Mo. 414; *State v. Cowan*, 29 Mo. 330; *State v. Thornton*, 37 Mo. 360. It is presumed as a matter of law that all who are charged with the administration or execution of the laws, from

the humblest to the highest, discharge their duties in good faith. The burden is on him who asserts the contrary. 2 Best on Ev. [Morgan's Ed.], p. 621, sec. 348. So, too, it is presumed that private persons act fairly and honorably in their dealings with each other, and with the courts. 2 Best on Ev. [Morgan's Ed.], p. 623, sec. 349; Ibid., p. 628, sec. 352. 1 Phil. on Ev. (Cow. & H's notes), sec. 10, pp. 604, 605.

*W. W. Rucker* for respondent.

ELLISON, J.—The defendant committed an assault and battery within the limits of the city of Brunswick, a city of the fourth class, contrary to the ordinances thereof. This breach of the peace of the city coming to the knowledge of the city marshal, he took defendant into custody without a warrant or writ and took him before the police judge of said city. The police judge entered on his docket the verbal complaint of the marshal, reciting the complaint as the "information" of the marshal. The defendant pleaded guilty and was fined. The docket entries sufficiently show the committing of an offense against the city and the presence and custody of the defendant, under the ruling in *City of Salisbury v. Patterson*, 24 Mo. App. 169.

Afterwards, defendant was indicted under the state law for the same offense and thereafter pleaded his former conviction; after the hearing of evidence, the trial court overruled the plea and put defendant upon his trial (defendant taking no part therein) which resulted in his being convicted. Defendant brings the case here.

Jurisdiction over the offense of assault and battery is concurrent in the municipality and the state courts. Neither has exclusive jurisdiction, but when an offender has been convicted, under due form of law, in one

of these jurisdictions he cannot be again convicted in the other. *City of Bolivar v. Justus,* in this court not yet reported. *State v. Cowan,* 29 Mo. 330.

As near as we can gather, the state's contention here is, that defendant was not duly convicted in the city court of Brunswick, in that he was not in custody, when the verbal complaint was entered against him, and he pleaded guilty as contemplated by section 1635, Revised Statutes, 1889; section 4983, Revised Statutes, 1879. We are, however, of the opinion that he was. The case shows that the marshal took him in charge and went with him to the police court. The circumstance that he went willingly, without resistance, is of no consequence. Nor is it seen how the fact that the marshal had no warrant for his arrest, can invalidate the proceedings before the police court. The statute evidently contemplates a proceeding without a warrant, by authorizing a verbal complaint "if the defendant be present in court and in custody." A complaint would precede a warrant if one was issued. It follows, therefore, that the statute has contemplated that an offender may be in custody before a complaint is made or a warrant is had.

We are cited to section 4348, Revised Statutes, 1889, wherein it is enacted that a plea of guilty shall not be accepted unless the injured party have notice and an opportunity to be heard. That statute is not applicable, it has reference to proceedings by the state, before justices of the peace, for offenses against the laws of the state. The case at bar is a proceeding by a city of the fourth class under a statute regulating the procedure and process therein, and in which latter statute no such provision is found.

Counsel for the state also calls our attention to the cases of *State v. Cole,* 48 Mo. 70; *State v. Underwood,* 75 Mo. 280, and *State v. Holcomb,* 86 Mo. 371. The

*Cole case* was where the defendant instituted proceedings against himself and fraudulently procured himself to be arrested and fined. "The prosecution was a mere sham gotten up by the defendant." And his "conviction was procured by the fraud and evil practice of the defendant himself." There is no evidence showing any such state of facts here. The *Underwood* and *Holcomb cases* concerning the power of the marshal to arrest without a warrant, can find no application to the statute under which the municipality proceeded in this case. Such statute, section 1635, contemplates, as before stated, that a defendant may "be present in court and in custody" without a warrant having first been issued.

The defendant's plea of *autrefois convict* should have been sustained. Judgment is reversed and defendant discharged. All concur.