[No. 4150.]

## DeBord v. The People.

Practice in Criminal Cases—Complaint by Defendant against Himself—Former Conviction.

Where a party guilty of an assault went before a justice of the peace and swore to a complaint charging himself with such assault, and upon his own confession and testimony the justice of the peace entered judgment sentencing him to pay a fine and costs, the party was not in jeopardy and the judgment could not be pleaded as a former conviction in a subsequent prosecution for the same assault.

*Appeal from the County Court of Saguache County.*

Mr. Ira J. Bloomfield, for appellant.

Mr. D. M. Campbell, attorney general, Mr. Calvin E. Reed and Mr. Dan B. Carey, for the people.

Chief Justice Campbell delivered the opinion of the court.

The plaintiff in error (defendant below) on the 7th of April, 1899, in the county of Saguache committed an assault upon one H. C. Burton. On the same day he voluntarily went before Dewit C. Travis, a justice of the peace of that county, and swore to a complaint charging himself with such assault, thereby confessing his guilt; whereupon the justice heard his testimony only, and sentenced him to pay a fine of $3.00 and costs, which was at once paid.

Upon the same day, and, it seems, after the Travis case was initiated, Burton, the one assaulted, went before another justice of the peace of that county, Peter W. Luengen, and swore to a complaint against the defendant charging him with the same assault; a warrant was thereon issued, and under it the defendant was arrested and brought before the said justice for trial after the termination of the proceedings

above mentioned. A plea of former conviction before Justice Travis was interposed and overruled; trial was had, and defendant fined $5.00 and costs, from which he appealed to the county court of Saguache county.

In the county court the defendant again interposed, and in writing, a plea of former conviction before Travis, justice. To this plea the district attorney filed a replication, in substance being that the judgment which Justice Travis rendered was by a court without jurisdiction, was a farce and void as against the people; that such proceedings were fraudulent and instituted by defendant himself merely for the purpose of enabling him to escape proper punishment for his offense, and to evade the law and bar a prosecution duly conducted by the people.

Issue was joined upon this plea before the county court without a jury, and the court found against the defendant, and assessed a fine against him of $3.00 and costs. To review this judgment the defendant has sued out a writ of error.

There is only one question in the case, and that is whether a defendant may voluntarily go before a justice of the peace, swear to a complaint charging himself with an assault, confess himself guilty,—the justice hearing only the evidence of the defendant himself,—and thereafter successfully plead a judgment against himself, rendered in such a proceeding, as a bar to a subsequent prosecution for the same offense by the duly authorized representative of the people in a court of competent jurisdiction.

It is the contention of the plaintiff in error that since he was fined by the justice of the peace before whom he voluntarily went, the same amount that was imposed by the county court at the trial in which the district attorney appeared, no fraud was committed, and the law was vindicated.

It has been held, where there was a statute so providing, that one accused of a small offense might voluntarily go before a court having jurisdiction, confess himself guilty, and that the judgment imposed in such a case would be a bar to

a subsequent prosecution for the same offense. But even there, the statute was strictly construed, so as to minimize the chances for perpetrating fraud. We have no such statute. Section 2768, Mills' Ann. Stats. (Gen. Stats. 1883, sec. 2044) provides that if any person *accused* of assault, or assault and battery, shall confess himself guilty, the jury, or if a jury be waived, the justice, shall hear evidence and assess a fine, and the justice shall enter a judgment, and issue execution subject to appeal, as in other cases. This, however, means that the accusation shall be made, not by the defendant himself, or some one acting in his behalf, but by some disinterested person. To countenance such a practice as the defendant insists is proper would furnish to any defendant the means of escaping, in whole or in part, the punishment which his offense merits, and enable him to make a travesty of criminal prosecutions.

Mr. Bishop, in volume 1 of his New Criminal Law, at section 1010, thus states the rule:

"If one procures himself to be prosecuted for an offense which he has committed, thinking to get off with a slight punishment and to bar a real prosecution in the future,—if the proceeding is really managed by himself, either directly or through the agency of another,—he is, while thus holding his fate in his own hand, in no jeopardy. The plaintiff state is no party in fact, but only such in name; the judge indeed is imposed upon, yet in point of law adjudicates nothing; 'all was a mere puppet show, and every wire moved by the offender himself.' The judgment therefore is a nullity, and is no bar to a real prosecution."

There are authorities which hold that if the legal penalty is an exact one, for example, a fine of a fixed sum, or imprisonment for a certain term, and the person carrying on the cause against himself has borne it in full, not merely in part, the state thereby has suffered nothing, and the judgment would not be deemed fraudulent. This exception, if it be sound (as to which we express no opinion), is not applicable to this case, for the penalty for assault under our statute is

imprisonment in the county jail for a term not exceeding six months, or a fine not exceeding $100. Many authorities might be cited in support of the conclusion reached, some of which are: *State v. Little,* 1 N. H. 257; *State v. Watkins,* 68 Ind. 427; *Gresley v. State,* 123 Ind. 72; *Shideler v. State,* 129 Ind. 523; *Commonwealth v. Alderman,* 4 Mass. 477; *Commonwealth v. Dascom,* 111 Mass. 404; *Bradley v. State,* 32 Ark. 722; *McFarland v. State,* 68 Wis. 400; *State v. Simpson,* 28 Minn. 66; *Drake v. State,* 68 Ala. 510; *State v. Smith,* 47 Pac. Rep. (Kan.) 541; *State v. Atkinson,* 9 Humphrey (Tenn.), 677; *State v. Colvin,* 11 Humphrey (Tenn.), 599; *State v. Epps,* 4 Sneed (Tenn.), 552; *State v. Green,* 16 Ia. 239; *Commonwealth v. Jackson,* 2 Va. Cases, 501; Clark's Crim. Pro. 393; *DeHaven v. State,* 2 Ind. App. 376.

The judgment is affirmed.

*Affirmed.*