STATE v. MOORE.

(Filed October 4, 1904).

FORMER CONVICTION—*Jeopardy—Justice of the Peace—The Code,
secs. 898, 1133, 1144, 1145, 1149—Const. N. C., Art. IV, sec. 33.*

The conviction of a person before a justice of the peace which is
collusive and not adversary is not sufficient to sustain a plea of
former conviction.

INDICTMENT against Dave Moore, heard by. *Judge Frederick Moore* and a jury, at August Term, 1904, of the Superior Court of DUPLIN County.

The defendant was indicted in the Superior Court for an assault with metallic knuckles on Jacob Dobson, and pleaded former conviction and not guilty. In support of the first plea the defendant introduced in evidence a proceeding before a justice of the peace, from which it appeared that on the same day on which the assault was committed he made affidavit before the justice charging himself with a simple assault on Dobson. The justice issued a warrant for Moore, on which is this entry: "Said defendant voluntarily came up to be tried and dealt with as the law directs." There was no return of any officer. Moore was then sworn and examined by the justice concerning the assault, and upon his own evidence was adjudged to be guilty and fined one dollar and taxed with the costs. It was admitted at the trial below that the defendant "swore out the warrant against himself, and that the justice, without notice to the injured party or any one else, and without hearing any testimony except the defendant's own statement, disposed of the case."

The Court charged the jury that if they believed the evidence the trial and conviction before the justice were a nullity and the plea of former conviction was not sustained. Defendant excepted. There was evidence tending to show

that defendant assaulted Dobson with metallic knuckles, and there was also evidence tending to show the contrary and that only a simple assault was committed. The jury convicted the defendant of a simple assault, and from the judgment on the verdict he appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Slevens, Beasley & Weeks,* for the defendant.

WALKER, J., after stating the facts. The Constitution, Art. IV, sec. 27, confers jurisdiction upon justices of the peace "under such regulations as the General Assembly shall prescribe, of all criminal matters arising within their counties, where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days." The General Assembly has from time to time prescribed the rules and regulations under which this jurisdiction shall be exercised. Among other provisions of the law, it is required that a complaint shall be made to the justice that a criminal offense has been committed and the complainant and any witnesses produced by him shall be examined, and it must appear by such examination that an offense has been committed before any warrant is issued. The Code, sec. 1133. It is further provided that the justice before whom any person so charged with having committed a criminal offense is brought, shall examine the complainant and the witnesses, on oath, in the presence of the defendant, and he shall then proceed to examine the defendant in relation to the offense charged (sections 1144 and 1145), and the witnesses shall not be present during such examination of the defendant. Section 1149. Either party, the complainant or the accused, is entitled to a jury trial, if demanded. Section 898.

It is made clear enough by these provisions of the law, even when considered apart from the well-established meth-

ods of judicial procedure, that it was contemplated there should be an adversary proceeding in all trials of criminal cases before a justice of the peace, especially when the justice assumes final jurisdiction. It was never intended that the accused should be also the accuser and the sole witness against himself. Such a proceeding would not conduce to the discovery of truth, and the detection and punishment of crime, which is the real object to be obtained, and would oftener than otherwise defeat the very ends of justice. What was done by the justice and the defendant, as shown in this case, has none of the features or characteristics of a judicial investigation. It was nothing less than a sham and a mockery of justice and should never receive the countenance and surely not the sanction of the law. The State has in fact never been heard, the injured party was never notified, and no witnesses were examined to explain or contradict the defendant's statement. If the proceeding had been found to be collusive, so that it would have appeared that the conviction and light sentence were procured by the fraud of the accused, which was acquiesced in by the Court, the law would at once have adjudged it to be a nullity. *State v. Swepson,* 79 N. C., 632; *State v. Roberts,* 98 N. C., 756. If the Court will disregard the former conviction if found as a fact to have been obtained by fraud and collusion, with how much greater reason should it ignore it when it appears on the very face of the proceedings, as it does in this case, and by conclusive presumption of law that there was such palpable misconduct as vitiated it and rendered void the pretended judgment of conviction. We can see by a mere inspection of the papers introduced in support of the plea that there has in contemplation of law been no judicial investigation and, consequently, no trial of the accused. If the fraud or collusion underlying the pretended prosecution does not appear upon the face of the proceedings the State, when

the plea of former acquittal or former conviction is set up, is required to plead the fraud by way of replication to the plea and then the issue thus joined is tried separately by the jury.    *State v. Swepson, supra; State v. Yarbrough,* 8 N. C., 79.

If one procures himself to be arrested and prosecuted for an offense which he has committed, thinking to get off with a slight punishment and to bar any future prosecution carried on in good faith, and if the proceeding is really instituted and managed by himself, he is, while thus holding his fate in his own hand, in no jeopardy.    The State is no party in fact, but only such in name; the magistrate under such circumstances adjudicates nothing; "All is a mere puppet-show and every wire is moved by the defendant himself."    The judgment, therefore, is a nullity and is no bar to a real prosecution.    1 Bishop's Cr. Law (6 Ed.), sec. 1010.    In *Holloran v. State,* 80 Ind., 586, the Court fully sustains and approves the doctrine as thus substantially laid down by Bishop, and adds: "If the whole case is controlled and managed by the accused there are no adverse parties, and when this is so there cannot in the true sense of the term be a former conviction or acquittal.    If the proceeding is absolutely void, then it may be attacked in any manner; the State is not required to make a direct attack."    One of the strongest expressions from any Court upon the subject that we have seen will be found in *State v. Green,* 16 Iowa, 239, where it is said of a judgment procured by collusion: "In this state of the case the State had its election to appeal or to treat the action of the magistrate as a farce and his judgment as a nullity."    That case is strikingly illustrative of the general rule and but shows the decided trend of judicial thought towards the view that a proceeding wherein a defendant accuses and prosecutes himself is not real but fictitious, a mere travesty, which will not be allowed to stand in the

way of a serious enforcement of the law. A good statement of the principle will be found in 12 Cyc. of Law & Pro., 262, with a full and accurate citation of the leading cases upon the subject, which we have examined and find to be in perfect accord with the text. The following authorities support the general proposition that there is no former jeopardy if the acquittal or conviction was procured by the defendant, even indirectly, by fraud or collusion or for the purpose of forestalling a real prosecution by the State or the injured party. *Watkins v. State,* 68 Ind., 427, 34 Am. Rep., 273; *Com. v. Dascom,* 111 Mass., 404; *McFarland v. State,* 68 Wis., 400, 60 Am. Rep., 867; *Thomas v. State,* 114 Ala., 31; *Bulson v. People,* 31 Ill., 409; *Peters v. Koepke,* 156 Ind., 35; *State v. Green,* 16 Iowa, 239; 1 Wh. Cr. Law, sec. 546; Archbold's Cr. Pl. & Pr., 352; *State v. Roberts,* 98 N. C., 756. In *State v. Cole,* 48 Mo., 70, the defendant having committed an assault went before a justice and caused proceedings to be instituted against himself, and was fined three dollars and taxed with the costs. Subsequently a prosecution was instituted by the injured party for the same offense. The defendant pleaded former conviction in bar of the prosecution, and the Court said: "It is apparent that the first prosecution was a mere sham, gotten up by the defendant to shield him from the consequences of a real prosecution followed up by a real prosecutor. His action in that respect was a fraud upon the criminal justice of the State, and cannot be allowed to succeed. The conviction, if such it might be called, is no bar to the present prosecution. It is a sufficient answer to the plea that the alleged conviction was procured by the fraud and evil practice of the defendant himself." Precisely to the same effect are the cases of *Bradley v. State,* 32 Ark., 722, and *State v. Wakefield,* 60 Vt., 518. In each of the last three cases, the Court treated the former proceeding, which was pleaded in bar, as void on

its face. In *Com. v. Alderman,* 4 Mass., 478, the defendant being arraigned on an indictment for an assault and battery and being inquired of by the Clerk whether he was guilty or not guilty, said he was guilty, but added that he had himself informed a justice of the peace of the county of his offense, by whom he had been sentenced to pay a fine. The Court directed the Clerk to enter a plea of guilty alone, observing "that it had heretofore been solemnly determined that a conviction of a breach of the peace before a magistrate, on the confession or information of the offender himself, was no bar to an indictment by a grand jury for the same offense."

We have discussed the matter somewhat at length because we deemed it important to the due administration of the criminal law in this State to do so. It is useless to advance further argument or to cite additional authorities to show that the plea of former conviction was not supported by the proceeding had before the magistrate. It constituted in every respect such a wide departure from the established and well known forms of judicial procedure as to be entitled to no consideration from the law, and it was therefore properly treated as a nullity. It may be well to add that a justice or other judicial officer (as said in *State v. Roberts, supra*) who participates in or connives at an evasion of criminal justice in any proceeding before him exposes himself to prosecution for malfeasance in office. There was no error in the ruling of the Court below.

No Error.