STATE OF MINNESOTA *vs.* WILLIAM SIMPSON.

June 3, 1881.

**Criminal Law—Former Conviction Fraudulently Obtained no Bar to Second Trial.**—A conviction of a criminal offence, fraudulently obtained by the offender, for the purpose of protecting himself from further prosecution and adequate punishment, is no bar to a subsequent prosecution for the same offence. The record introduced in evidence, in support of a plea of a former conviction for the same assault and battery, showed the following as the entire proceedings: On the day of the assault and battery, the defendant complained of himself on oath, before a justice of the peace, for the offence, and was thereupon ordered by the justice to consider himself under arrest without a warrant. He was then sworn as a witness, and testified to the fact and character of the assault and battery. He then pleaded guilty and begged the mercy of the court, and the justice thereupon imposed a fine upon him, which he paid, and was discharged. *Held*, that an inference of a fraudulent purpose arises upon the face of these proceedings.

Defendant was brought before the municipal court of the city of Minneapolis, charged with having committed an assault and battery upon one William B. Morse, and, upon being arraigned for trial, pleaded a former conviction and punishment for the same offence, and offered in evidence the record of the proceedings before the justice recited in the opinion. The plea was overruled, and, after a trial by the court, a jury being waived, defendant was adjudged guilty, and sentenced to pay a fine of thirty dollars and costs. From this judgment defendant appeals.

*Koon, Merrill & Keith*, for appellant.

*W. J. Hahn*, Attorney General, for the State.

CLARK, J. A conviction of a criminal offence, fraudulently obtained by the offender, for the purpose of protecting himself from further prosecution and adequate punishment, is no bar to a subsequent prosecution for the same offence. This rule is acquiesced in as just and necessary to the proper administration of public justice. It is claimed, however, that the evidence introduced in the municipal court, which consisted solely of the record of the former conviction,

did not show that the defendant was actuated in procuring such conviction by fraudulent motives; and stress is laid upon a stipulation of counsel, made at the trial, to the effect that no actual fraud, either on the part of the justice of the peace before whom the former conviction was had, or of the defendant, could be shown.

The record of the former conviction showed the following as the entire proceedings: On the 27th day of August, 1880, at 11 o'clock in the forenoon, the defendant complained on oath, before a justice of the peace in the village of Excelsior, of himself, for an assault and battery committed the same day upon William B. Morse, and was thereupon ordered by the justice to consider himself under arrest without a warrant. The defendant was then sworn as a witness, and testified to the fact and character of the assault and battery. He then pleaded guilty, but begged the mercy of the court, whereupon the justice imposed upon him a fine of six dollars and costs,—fifty cents,—which he paid, and was thereupon discharged. The court below was entirely correct in overruling the plea of former conviction, upon the facts disclosed by this record. In a matter like this there could be no reasonable expectation of proving fraud otherwise than by the proceedings themselves, and a plain inference of a fraudulent purpose arises from them. When a man has violated the law, there can certainly be no objection to his voluntarily surrendering himself to the officers of the law, to be prosecuted in due form, and visited with the penalty of its infraction. But the proceeding which the defendant set in motion was in no proper sense a prosecution, nor was it calculated to bring out the character of the offence, or to make appear the just and proper measure of its punishment. The state was not represented by any officer to prosecute in its behalf, nor even by the injured party. The entire basis of the action of the justice was the statement on oath of the offender. It is plain to be seen that the proper administration of public justice would be endangered, if a proceeding of this character should be effectual to protect the offender from a prosecution in which the state and the injured party could be represented and heard.

Judgment affirmed.