STORM v. TERRITORY OF ARIZONA.

(Circuit Court of Appeals, Ninth Circuit. May 17, 1909.)

No. 1,690.

1. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION OVER TERRITORIAL COURTS—CRIMINAL CASES.

By Act March 3, 1891, c. 517, § 6, 26 Stat. 828, and section 5, as amended by Act Jan. 20, 1897, c. 68, 29 Stat. 492 (U. S. Comp. St. 1901, p. 549), the Circuit Courts of Appeals are given jurisdiction to review the final decisions of the District and Circuit Courts in "all cases arising under the * * * criminal laws" except capital cases, and their judgments in such cases are made final. By section 15 it is provided that in cases where their judgment is made final they shall have the same appellate jurisdiction to review the judgments of the Supreme Courts of the territories as they are given to review those of the District and Circuit Courts, the territories to be assigned by the Supreme Court to particular circuits for that purpose. *Held*, that such jurisdiction extends to all judgments of the Supreme Court of a territory in cases not capital, arising under any criminal statute which such territorial courts administer, whether federal or territorial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1097; Dec. Dig. § 405.*

Jurisdiction of circuit court of appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. CRIMINAL LAW (§ 1173*)—APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

While Pen. Code Ariz. 1901, §§ 878, 894. 895, recognize pleas of former acquittal and former jeopardy in criminal cases as raising issues of fact, and require such issues in felony cases to be tried by a jury, yet where the evidence in support of such a plea is wholly documentary and undisputed and is insufficient in law to sustain the plea, although the better practice is to instruct the jury to return a verdict thereon, the refusal of the court to submit the issue to the jury is without prejudice to the defendant and not ground for reversal of the judgment, under Pen. Code Ariz. 1901, § 1174, which provides that a departure from the form or mode prescribed in respect to any pleadings or proceedings shall not render the same invalid unless it shall have actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1173.*]

In Error to the Supreme Court of Arizona.
For opinion below, see 94 Pac. 1099, 99 Pac. 275.

A. C. Baker and Alfred Franklin, for plaintiff in error.
E. S. Clark, Atty. Gen., and Robert E. Morrison, Dist. Atty., for the Territory.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. Plaintiff in error, James P. Storm, was treasurer and ex officio tax collector of Yavapai county, Ariz. T., dur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing 1901–02, 1903, and until October 9, 1904, when he was suspended from office by order of the board of supervisors of said county. On November 23, 1904, Storm was indicted, under section 398 of the Penal Code of Arizona of 1901, for unlawfully appropriating to his own use $15,316.53 of public moneys, the taking being alleged to have been on or about November 9, 1904. He was tried and acquitted. Thereafter at the November, 1905, term of the district court of Yavapai county, Storm was again indicted, under the same section of the Penal Code of Arizona, for unlawfully appropriating $1,000 of public moneys, the taking being alleged to have occurred on or about April 10, 1903, and while Storm was county treasurer as aforesaid. Upon the second trial defendant pleaded not guilty, that he had been acquitted of the offense charged by the verdict and judgment given at the first trial, and that he had once been in jeopardy for the offense charged. At the second trial the court ruled as a matter of law that, upon the evidence of the record of the trial had under the first indictment, the pleas of former acquittal and once in jeopardy were not sustained, and that the one question for submission to the jury was whether or not Storm was guilty as charged in the indictment. Accordingly the single issue submitted to the jury for its verdict was the guilt or innocence of the defendant. He was found guilty, and upon appeal to the Supreme Court of the territory the judgment was affirmed. Plaintiff in error then sued out a writ of error from this court to the Supreme Court of the territory of Arizona.

Counsel for the territory now move to dismiss the writ of error because of lack of jurisdiction, the contention being that, inasmuch as the conviction herein was had under the penal laws of the territory, it is not a case where the judgment of this court is made final, and is not one arising under the criminal laws as specified in section 6 of the judiciary act of March 3, 1891, c. 517, 26 Stat. 827 (U. S. Comp. St. 1901, p. 549), establishing Circuit Courts of Appeals, and defining and regulating in certain cases the jurisdiction of courts of the United States. Section 6 of the act referred to grants to the Circuit Courts of Appeals jurisdiction to review by appeal or writ of error final decisions in the District or Circuit Courts in all cases other than those provided for in section 5 of the act, unless otherwise provided by law, and makes the judgments of the Circuit Courts of Appeals final "in all cases arising under the patent laws, under the revenue laws and under the criminal laws and in admiralty cases." It is argued, too, that the judgment herein is not one which may be reviewed by this court under the authority conferred by section 15 of the judiciary act referred to, which provides that, in cases in which the judgments of the Circuit Courts of Appeals are made final by the aforesaid act of 1891, the said courts shall have the same appellate jurisdiction by writ of error or appeal to review the judgments, orders, and decrees of the Supreme Courts of the several territories as by the act they may have to review the judgments, orders, and decrees of the District and Circuit Courts, and for that purpose the several territories shall, by orders of the Supreme Court, be assigned to particular circuits.

By section 5 of the act, appeals or writs of error may be taken from the District or Circuit Courts direct to the Supreme Court in cases

of conviction of a capital or otherwise infamous crime, but as amended by act of January 20, 1897, c. 68, 29 Stat. 492 (U. S. Comp. St. 1901, p. 549), the words "or other infamous" were stricken out, so that now the Circuit Courts of Appeal have authority to review final decisions in cases of infamous crimes not capital.

The "same appellate jurisdiction" to review judgments of the Supreme Courts of territories as have the Circuit Courts of Appeals to review judgments of the District and Circuit Courts is power to review judgments under criminal laws as administered by the Supreme Courts of the territories. Limitation is prescribed by the language, which confines the review to cases where the judgments of the Circuit Courts of Appeals are made final by the act of 1891 and the amendment of 1897 already mentioned. We regard the particular words just quoted not as referring entirely to a particular class of cases to be heard, but as primarily conferring the general judicial power, which, as indicated, is to review by appeal or by writ of error final decision. Whether the particular case is one where the power may be exercised is another question, and that is determinable by inquiring whether the judgment, order, or decree sought to be reviewed is one made or given by the Supreme Court of the territory in a case not capital, or is one arising under the patent or admiralty laws, and is one where the judgment of the Circuit Court of Appeals is made final. If it is, then review may be had.

It is a fact, of course, that where a judgment in a criminal case is brought by writ of error to the Circuit Court of Appeals it is usually one arising under the laws of the United States exclusively; but that is incidental, in no wise conflicting with the view that section 15 of the judiciary act of 1891 extends the jurisdiction of Circuit Courts of Appeals to review judgments, orders, and decrees of the Supreme Courts of the territories in cases not capital, whether under federal or territorial statutes.

It being true, then, that the act is broad enough generally to include authority to review the judgments of territorial Supreme Courts, the proper scope to be given to the appellate jurisdiction is to include within the class of judgments made final by the decisions of the Circuit Courts of Appeals judgments in all cases of infamous crimes not capital arising under the criminal laws wherein judgments have been pronounced by territorial Supreme Courts, as well as by District and Circuit Courts. In this way the several provisions of the whole act are harmonized, and we are led to the conclusion that the jurisdiction of the Circuit Courts of Appeals extends to certain criminal cases wherein territories, as well as the United States, are parties.

In Steamer Coquitlam v. United States, 163 U. S. 346, 16 Sup. Ct. 1117, 41 L. Ed. 184, the Supreme Court said of the judiciary act of 1891:

"Looking at the whole scope of the Act of 1891, we do not doubt that Congress contemplated that the final orders and decrees of the courts of last resort in the organized territories of the United States—by whatever name those courts were designated in legislative enactments—should be reviewed by the proper Circuit Court of Appeals, leaving to this court the assignment of the respective territories among the existing territories."

In Miller v. Territory of Oklahoma, 149 Fed. 330, 79 C. C. A. 268, the question now under consideration was considered by the Court of Appeals of the Eighth Circuit, and it was held that there is nothing in the language employed in section 15 of the act referred to, to indicate that a review would not apply to cases arising under the criminal laws of the territory of Oklahoma, as well as those of the United States. Judge Phillips, for the court, points out that the decision in the case of Aztec Mining Company v. Ripley, 151 U. S. 79, 14 Sup. Ct. 236, 38 L. Ed. 80, did not intend to limit the classes of criminal cases that might be reviewed to offenses denounced by federal statutes only. And as we take the same view, the motion to dismiss is denied, and jurisdiction retained.

Upon the merits the principal point relied upon by the plaintiff in error is that the Supreme Court of the territory erred in affirming the judgment of the trial court, in refusing to submit to the trial jury the issues of former acquittal and jeopardy, and by holding as a matter of law that neither of those pleas raised questions to be passed upon by the jury. Section 878 of the Penal Code of Arizona of 1901 recognizes pleas of guilty, not guilty, former judgment of conviction or acquittal, and once in jeopardy, while section 894 of the Code defines issues of fact as arising upon a plea of not guilty, former conviction or acquittal of the same offense, and once in jeopardy. The Code (section 895) also provides that issues of fact in felony cases must be tried by a jury, and section 971 lays down the procedure that, upon a plea of former conviction or acquittal of the same offense, the verdict is either for the territory or for the defendant.

We are in accord with the Supreme Court of the territory in holding that a better practice demanded that the trial court should have instructed the jury to return verdicts upon the special pleas interposed. But as the record shows that the evidence in support of the pleas was undisputed, consisting, as it did, principally of records, the sufficiency of the pleas was resolved into a question of law, which necessarily called upon the court for a declaration of the legal effect of such evidence. The decision was that the pleas were not sustained, because the offense for which the defendant was then on trial was a different one from that for which the defendant had been tried before. This was correct as far as it went, so that the essential point is merely whether the court denied to the defendant a substantial right in omitting the formality of directing a verdict in conformity with its decision.

Certainly, to have called for a verdict would have been obedience to a statutory mode of proceeding upon the trial, but as there was no possible room for any finding by the jury except one conforming to the decision of the court, and which pertained to an ultimate legal effect, the omission to follow the mode of procedure prescribed could not have tended to the prejudice of the defendant, and therefore is within the purview of section 1174 of the Penal Code of Arizona of 1901, which provides that:

"Neither a departure from the form or mode prescribed in respect to any pleadings or proceedings, nor any error or mistake therein, shall render the same invalid, unless it shall have actually prejudiced the defendant or tended to his prejudice in respect to a substantial right."

The Supreme Court of the territory, construing the statute of Arizona, so held, and we see no substantial reason to decide otherwise. Sweeney v. Lonnie, 89 U. S. 208, 22 L. Ed. 727; Copper Queen Con. Mining Co. v. Arizona Board, 206 U. S. 474, 27 Sup. Ct. 695, 51 L. Ed. 1143; Lewis v. Herrera, 208 U. S. 309, 28 Sup. Ct. 412, 52 L. Ed. 506.

The judgment is affirmed.