## C. B. NEWTON v. STATE.

No. A-2495.    Opinion Filed January 28, 1918.

(170 Pac. 270.)

1. **FORMER JEOPARDY—Question for Jury.** Upon the interposing of a plea of former jeopardy in the trial of any criminal case, a question of fact ordinarily arises, which should be submitted to the jury for determination, unless the court is satisfied as a matter of law that the plea interposed is insufficient to raise the question of former jeopardy. In such event it is not error for the court to refuse to submit said plea to the jury if as a question of law it is insufficient.

2. **SAME—Plea of Former Jeopardy—Sufficiency.** Record examined, and plea of former jeopardy interposed in this case **held** insufficient as a question of law.

*Appeal from County Court, Oklahoma County;*

*William H. Zwick, Judge.*

C. B. Newton was convicted of assault and battery, and his punishment fixed at a fine of $10, and he appeals. Judgment affirmed.

*Harvey B. Winn,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. The following statement of facts and the proposition relied upon to reverse this case are copied from the brief for plaintiff in error:

"This is a case in which the plaintiff in error as defendant in the lower court was charged by the State of Oklahoma with assault and battery, and was commenced in the justice court by filing a criminal complaint as follows:

" 'In the Justice Court of T. F. Donnell, Justice of the Peace in and for Oklahoma District, Oklahoma County, State of Oklahoma. The State of Oklahoma, Plaintiff, v. C. B. Newton, Defendant, Complaint. R. H. Phenix, of lawful age, being first duly sworn on his oath deposes and says that in the county of Oklahoma and State of Oklahoma, and on the 12th day of September, 1914, the above-named defendant, C. B. Newton, did then and there unlawfully commit an assault and battery upon the person of R. H. Phenix by beating and striking with his fists the aforesaid R. H. Phenix contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma.

" 'R. H. PHENIX.

" 'Subscribed and sworn to before me this 12th day of Sept., 1914.                                   T. F. DONNELL,
" '*Justice of the Peace.*'

"On this complaint a warrant was issued, the defendant was arrested, pleaded not guilty, gave appearance bond, and on the 19th day of October, 1914, filed his answer alleging former conviction, as follows:

" 'In the Justice Court, before T. F. Donnell, Justice of the Peace in Oklahoma City District said County and State. State of Oklahoma, Plaintiff, v. C. B. Newton, Defendant. Case No. ——. Answer. Comes now the defendant above named, and for a defense alleges the following grounds:

" '(1) He is not guilty of the charges as alleged in the complaint.

" '(2) On the 12th day of September, 1914, the defendant submitted himself to G. W. Stephenson, a justice of the peace in said district, to be dealt with as the court deemed proper, and after a full statement of all the facts in this cause having been heard, the said court found the said defendant guilty of assault and battery upon the person of Phenix, and assessed a fine against said defendant in the sum of $5 and costs in the sum of $1.50; that said defendant paid said fine and costs in full; that the offense so submitted is the same with which the defendant is charged in the complaint in this court, and all of which defendant is ready to make proof.

" 'Wherefore the defendant prays that the plaintiff be estopped from obtaining a second judgment in this cause, and that he go hence without day.

"C. B. Newton, *Defendant.*

" 'Subscribed and sworn to before me this the 19th day of October, 1914.                    ——————————,

" '*Justice of the Peace.*'

"The case was tried on the issues made up to a jury in the justice court, the jury finding defendant guilty with a request that the justice assess the penalty, and the justice discharged the jury, and took the case under advisement from the 19th day of October, 1914, until the 22d day of October, 1914, on which date he pronounced judgment against the defendant assessing a fine of $50 and costs.

"On the 23d day of October, 1914, the defendant filed his appeal bond in said cause, and the appeal was filed

in the county court of Oklahoma county on the 26th day
of October, 1914, and was subsequently set for hearing in
said court on the 2d day of March, 1915. On the 2d day
of March, 1915, the following motion was interposed by
defendant to dismiss said action:

"'By Mr. Winn: Comes now the defendant, and
moves the court to dismiss this action against the de-
fendant, C. B. Newton, for the reason of former jeopardy
in this: That at the trial of the case in the justice court
of T. F. Donnell in this county there was a jury demanded
and duly impaneled and sworn to try the case, that the
evidence was introduced before the jury, and the case
was argued by counsel, and the jury tried to consider a
verdict, and returned into court with a verdict of guilty,
and then and there refused to assess the amount of the
fine as a penalty, and without the consent of the defendant
left that for the consideration of the court to fix the
amount of the fine, and that the court, the said justice
of the peace, took the case under advisement from the
19th day of October, 1914, up to the 22d day of Octo-
ber, 1914, under advisement as to the amount of fine to
be fixed by the court without the consent of the defend-
ant herein and that on the said trial, to wit, the 19th day
of October, 1914, the jury impaneled in said cause, and
sworn to try the cause and render a true verdict therein
was discharged on that said day without having render-
ed a full verdict in the case, against the wishes and con-
sent of the defendant, for which reason the defendant asks
the court to discharge the defendant for the reason of for-
mer jeopardy, as shown in the foregoing statement. And
the defendant for the further reason asks the court to dis-
charge him from this cause, and as a reason therefor says
that on the 12th day of September, 1914, the defendant,
C. B. Newton, without any knowledge on his part as to
there having been filed a complaint and a warrant issued
herein before T. F. Donnell went of his own accord before
a justice of the peace, G. W. Stephenson, justice of the
peace of Oklahoma City district, Oklahoma county, Okla.,

who was then a duly elected, qualified, and acting justice of the peace in said district, and to him, as said justice of the peace, made a full statement of the assault for which he stands charged in the complaint as filed before T. F. Donnell, justice of the peace, and after the court had heard all the statements of the defendant, he adjudged the defendant guilty of assault and battery as shown by the record of said justice of the peace which reads:

" ' "State of Oklahoma, Plaintiff, v. C. B. Newton, Defendant. Comes now on this 12th day of September, 1914, C. B. Newton in person and enters plea of guilty on his own motion, and upon his verbal statement that no greater offense than an assault with his fists upon one Phenix in Oklahoma City, September 12, 1914, and a fine of $5 and costs of this action is imposed upon said defendant, and, same being paid into court, said defendant is discharged from custody.                    GEORGE W. STEPHENSON,
                    " ' "Justice of the Peace." '

"The statement as made, we believe, is sufficient for the court to understand the nature of the issues between the plaintiff in error and the defendant in error, and we will proceed to state the proposition upon which the plaintiff in error relies to secure a reversal of a judgment in this case:

"Proposition 1.   A voluntary appearance by any person before a justice of the peace of the county in which he has committed an assault and battery upon another person, and submitting himself to the justice, and making a full statement, giving the facts and circumstances under which he committed the assault and battery, and is by the said justice adjudged guilty of the assault and battery, fined the sum of $5, and costs of $1.50, which fine and costs are paid in full, and a judgment of conviction entered upon the docket of said justice.   Such person is not thereafter subject to a prosecution by information charging him with the same offense."

It will be noted from the foregoing statement that the question here presented was raised in the lower court by a motion to dismiss the action, and as a ground for new trial it was presented to the lower court that error had been committed in failing to sustain said motion. Nowhere did the defendant interpose as a defense to said action in the county court a plea of *"autrefois convict,"* as provided by section 5802, Rev. Laws 1910. It is unnecessary, however, in this case to pass upon the question whether or not the above plea raises an issue of fact which the court should have submitted to the jury, although pleaded in the form of a motion to dismiss, for the reason that on its face said plea is insufficient to raise the question of former jeopardy as a matter of law, even had the provisions of section 5802, *supra,* been complied with.

Sections 17 and 30 of article 2 and section 19 of article 7 of the Constitution provide respectively:

Section 17, art. 2:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment of indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Section 30, art. 2:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 19, art. 7:

"All judges of courts of this state, and justices of the peace, shall, by virtue of their office, be conservators of the peace throughout the state.

"The style of all writs and processes shall be 'The State of Oklahoma.' All prosecutions shall be carried on in the name and by the authority of the State of Oklahoma. All indictments, informations, and complaints shall conclude, 'Against the peace and dignity of the state.' "

The first section above quoted requires a prosecution instituted in a justice of the peace court to be upon a duly verified complaint. The next section secures the people against unlawful seizures or arrests, and provides that the property and person of citizens of this state shall not be molested by warrant of arrest except upon probable cause supported by oath or affirmation. The latter section requires all criminal prosecutions to be in the name of and by the authority of the State of Oklahoma. Undoubtedly these provisions were placed in the Constitution for a purpose. Nobody would have a right, therefore, to submit a plea of guilty to an offense committed against the peace and dignity of the State of Oklahoma without there had been first filed a duly verified complaint, charging such person with such offense. The latter provision would require also that the prosecution of said offense should be by the duly qualified officers of the state chosen for said purpose. These sections would prevent and do prevent a person from voluntarily appearing and pleading guilty to an offense without any verified complaint being first filed against him.

Section 6176, Rev. Laws 1910, provides:

"In all misdemeanor cases, before a warrant shall issue for the arrest of the defendant, the complaint must be sub-

mitted to the county attorney, or drawn by him and indorsed as follows: 'I have examined the facts in this case and recommend that a warrant do issue,' and then filed with the court. If the action be brought without such indorsement the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs incurred in that action, unless the complaint be first so indorsed by the county attorney."

The statute clearly establishes a rule to make effective the foregoing constitutional provisions. It provides a method whereby a private citizen may institute a criminal prosecution by a verified complaint, but if said complaint is not submitted to the county attorney with a statement of the facts that can be proven, and if it does not receive his indorsement that he has examined the facts and recommends that a warrant shall issue, then the prosecuting witness is required to put up a bond for costs as a deterrent against malicious or unwarranted prosecutions. In this way prosecutions by duly verified complaint in the name of and by the authority of the state are secured. A prosecution cannot be said to be in the name and by the authority of the state where the person guilty of the offense procures his own prosecution without notice to the prosecuting officers of the state or to the prosecuting witness, and without a duly verified complaint. A justice of the peace is not permitted to accept a plea of guilty under such circumstances. These provisions of the statutes safeguard the liberty of those accused of a crime by preventing malicious and unauthorized private prosecutions, and at the same time guarantee to the people of the state that fraudulent prosecutions may not be obtained by the defendant or with his connivance. *Evans v. Willis, County Judge,*

22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258; *State v. Simpson,* 28 Minn. 66, 9 N. W. 78, 41 Am. Rep. 269; *State v. Cole,* 48 Mo. 70; *State v. Wakefield,* 60 Vt. 618, 15 Atl. 181; *State v. Goetz,* 65 Kan. 125, 69 Pac. 187.

It is also contended that former jeopardy attached upon the discharge of the jury in the justice of the peace court after the verdict and without the consent of the defendant, because the justice of the peace had no right to assess the penalty where the jury rendered a general verdict of guilty without naming the penalty. Counsel cites a number of statutes in force in the Territory of Oklahoma prior to statehood to sustain this contention. Since the passage of the acts of 1907 and 1908 relative to assessment of punishment by juries, contained in Rev. Laws 1910, secs. 5933 to 5935, inclusive, we think this contention is wholly without merit. Section 5934 provides as follows:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

In the trial in the justice of the peace court a verdict of guilty was rendered. The court pronounced judgment on said verdict by inflicting a fine of $50 and costs, and the defendant appealed from this particular judgment to the county court, where he was fined $10 and costs. Th' t part of the judgment of the justice of the peace court p )- viding a fine of $50 was superseded by the judgment of the county court reducing the fine to $10. Under the express provisions, however, of section 5934, *supra,* the j is- tice of the peace had authority to assess and declare the punishment within the statutory limits which were within

his jurisdiction, and to render judgment accordingly. *Blair v. State,* 4 Okla. Cr. 359, 111 Pac. 1003.

After a careful consideration of all the questions raised by counsel for plaintiff in error, we believe there is no merit in the contentions made that plaintiff in error was deprived of any substantial right to his prejudice, and the judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.