## G. C. HARRIS v. STATE.

No. A—2645. Opinion Filed Nov. 2, 1918.

Rehearing Denied Jan. 19, 1920.

(175 Pac. 627.)

1. **FORMER JEOPARDY—Form of Plea—Effect.** Where a plea of former jeopardy is interposed in the form of a plea in abatement, it should be treated as a plea in bar to the action, unless it clearly appears from the plea itself as a matter of law it is insufficient.

2.  **TRIAL—Plea of Former Acquittal—Issue for Jury.** Where the plea of former acquittal shows an acquittal of an offense other than that for which defendant is informed against and placed on trial, the failure of the trial court to submit the issue of former acquittal to the jury under such circumstances was not error.

3.  **EMBEZZLEMENT—Register of Deeds—Statute—Separate Prosecutions.** The register of deeds was required to make a monthly report of the fees earned and collected by him, and to pay the same monthly into the county treasury. His failure or refusal so to do (pay all of such fees into the county treasury at the end of each month. constituted an embezzlement on his part, for which crime he was liable to a separate prosecution for each and every month for which he had failed so to account.

4.  **FORMER JEOPARDY—Plea of Former Acquittal—Same Offense—Bar.** Where, on the trial for embezzlement of fees by a register of deeds alleged to have been committed on or about a designated date, the evidence shows distinct appropriations by the accused of certain sums of money during several different months of his term of office, and the defendant moved the court to require the state to elect on which particular month's shortage it would rely for a conviction, which motion was sustained, and the state elected to rely upon the failure to report for the month of January, 1914, and the instructions of the court filed in support of the plea of former jeopardy show conclusively that the jury was limited in considering guilt to a particular embezzlement for January, 1914, and the verdict of the jury returned acquits the defendant only of embezzlement of funds received during the month of January, 1914, it appears conclusively that the defendant was only charged, tried for, and acquitted of embezzlement of fees collected during the month of January, 1914. Such an acquittal was not a bar to subsequent prosecution for the embezzlement of fees collected during the month of January, 1913.

5.  **SAME—Double Jeopardy—Constitutional Provision—Construction.** The constitutional provision against a second jeopardy is merely declaratory of the ancient principle of the common law. In application it is limited only to a second prosecution for the identical act and crime, both in law and fact, for which the first prosecution was instituted.

6.  **SAME—Plea of Former Acquittal—Burden of Proof.** The burden is upon the defendant to show that his plea of former acquittal and former jeopardy is well founded, both in law and fact.

7.  **APPEAL AND ERROR—Necessity for Exceptions—Remarks of Trial Court—New Trial.** Where it is clear, from an examination

of the entire record, that remarks of the trial court indulged in when ruling upon the admissibility of evidence have not injured the defendant, such remarks will not be considered alone as a sufficient ground for granting a new trial, especially where no request was made to withdraw the same from the consideration of the jury, and no ruling of the trial court thereon, which was excepted to at the time.

*Appeal from District Court, Marshall County; George C. Crump, Assigned Judge.*

G. C. Harris was convicted of the crime of embezzlement, and he appeals. Affirmed.

*F. E. Kennamer, James W. Bolen, C. C. Williams, Ben F. Rogers, and E. S. Hurt,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Marshall county, wherein the defendant was convicted of the crime of embezzlement, and sentenced to serve a term of one year and one day in the state penitentiary. From such judgment of conviction he prosecutes an appeal to this court, and asks that the judgment be reversed upon two grounds: First, that the court erred in overruling his plea in abatement, which set up former jeopardy and former acquittal of the offense charged in the information on which this conviction was based; second, error of the trial court in making certain statements and remarks during the trial of the cause over the objection and exception of the defendant, which were prejudicial to his substantial rights.

In order to understand the facts upon which the plea of former jeopardy is based, it will be necessary to set out in this opinion a copy of the information upon which this trial is had and conviction rendered, as well as a copy of the plea of former jeopardy interposed, which was overruled by the trial court:

"Information.

"State of Oklahoma, Plaintiff, v. G. C. Harris, Defendant.

"In the District Court in and for Marshall County, State of Oklahoma.

"Comes Geo. L. Sneed, the duly qualified and acting county attorney in and for Marshall county, Oklahoma, and gives the district court of Marshall county and the state of Oklahoma to know and be informed that the above-named defendant, G. C. Harris, late of Marshall county, did, in the said county and state, on or about the ——day of February, A. D. 1913, commit the crime of (G. C. Harris) in the manner and form as follows: That is to say, the said defendant did, in the county and state aforesaid, at the time and date above named, then and there, unlawfully, willfully, wrongfully, fraudulently, and feloniously embezzle, convert, and appropriate the sum of $35.75 to his own use and to a use and purpose not in the due and lawful execution of the trust then and there imposed in him; that is to say, the said defendant on the date above named was the duly elected, and acting register of deeds of Marshall county, Oklahoma, and by reason of the said official position received in custody for said county certain sums of money, to wit, fees charged and collected for the filing and recording of instruments in said office, and of said funds so received and collected by the said G. C. Harris he did on the day and year above named then and there willfully, wrongfully, fraudulently, and feloniously embezzle, convert, and appropriate the sum of thirty-five and 75/100 dollars to his own use, and to uses and purposes not in the due and lawful execution of said trust, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

"GEO. L. SNEED, *County Attorney*"

"State of Oklahoma, County of Marshall. In the District Court.

"State of Oklahoma, Plaintiff, v. G. C. Harris, Defendant.

"Plea of Former Acquittal and Jeopardy.

"Comes now the defendant, G. C. Harris, and for his special plea and bar herein says that the state of Oklahoma should not prosecute further this cause against him, because he says that heretofore, to wit, on the 7th day of December, 1914, in the district court of Marshall county, state of Oklahoma, there was duly and legally presented and filed in said court a valid information against him for the crime of embezzlement, a copy of which is hereto attached, marked Exhibit A, and made a part of this plea.

"And that on the 5th day of May, 1915, the said accusation against this defendant, G. C. Harris, in said cause No. 303, was legally tried upon its merits in said court by a jury drawn and impaneled, and the said, G. C. Harris was by the verdict of said jury and the judgment of said court duly and legally acquitted of said accusation of said embezzlement, a copy of which verdict is hereto attached marked Exhibit B and made a part of this plea. And also a copy of the in-instructions of said court to the said jury in said cause No. 303 is hereto attached and marked Exhibit C and made a part of this plea and bar herein.

"That said judgment and verdict still remains in full force and effect, and not in the least reversed and made void, and is the verdict and judgment of a court of competent jur-isdiction. And the defendant G. C. Harris in fact says and alleges that he, the said G. C. Harris, and the said G. C. Harris so accused and acquitted as last aforesaid, are one and the same person, and no other and different person, and that the offense of which he, the said G. C. Harris, was so acquitted as aforesaid and the offense charged against him in the information herein, and for which he is now being pros-ecuted, is one and the same transaction or offense and iden-tical in both law and fact.

"And the defendant, G. C. Harris, further says that he has been duly and legally acquitted formerly as aforesaid, and that, in the manner and form aforesaid, he was placed in jeopardy for the same offense of which he is now being prosecuted in this cause, and that he is ready to verify and make proof of the things herein alleged.

"Wherefore defendant prays that said plea be sustained in every respect, and that he be discharged from the judgment and plea of this court, and for such other and further relief as the court may deem just.              G. C. HARRIS.

"State of Oklahoma, Marshall County.

"G. C. Harris, of lawful age, being first duly sworn, upon oath says that he is the defendant above named, that he has read the foregoing plea, and that the facts and statements contained therein are true and correct.

                                        "G. C. HARRIS.

"Subscribed and sworn to before me this 12th day of September, 1915.

    "(Seal.)    R. D. STONE, *Deputy Court Clerk.*"

                "Exhibit A.

"State of Oklahoma, Plaintiff, v. G. C. Harris, Defendant.

"In the District Court in and for Marshall County, State of Oklahoma.

"Comes Chas. A. Coakley, the duly qualified and acting county attorney in and for Marshall county, Oklahoma, and gives the district court in Marshall county and the state of Oklahoma to know and be informed that the above-named defendant, G. C. Harris, late of Marshall county, did, in the said county and state, on or about the 11th day of July, 1914, commit the crime of embezzlement in the manner and form as follows: That is to say, the said defendant did, in the county and state aforesaid, at the time and date above named, then and there being the duly qualified and acting register of deeds of Marshall county, state of Oklahoma, and being then and there, and by virtue of such office, charged with the collection, receipt, and safe-keeping of certain public money and property of said Marshall county, to wit, fees received by said G.C. Harris as such register of deeds for filing and recording instruments required and authorized by law to be filed and recorded in the office of the

register of deeds of the county, and having collected said money so belonging to said county of Marshall, he, the said G. C. Harris, did unlawfully and feloniously convert to his own use said public money so collected, in the amount of one thousand four hundred eighteen and 39-100 dollars, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma.

"2d Count: The said county attorney gives said district court further to know and be informed that the above-named defendant, G. C. Harris, late of Marshall county, did in said county and state, on or about the 11th day of July, 1914, commit the crime of embezzlement in the manner and form as follows: That is to say, the said defendant did in the county and state aforesaid, at the time and date above named then and there being the duly qualified and acting register of deeds of Marshall county, in, the state of Oklahoma, and being then and there and by virtue of such office charged with the collection, receipt, and safe keeping of certain public moneys, to wit, the fees received in such office for filing and recording written instruments required or authorized by law to be there filed at a fixed fee, and having collected said money by virtue of such office, he, the said G. C. Harris, did then and there aid and knowingly participate in converting said funds so collected, to the amount of $1,418.39, to the use of said G. C. Harris and other persons unknown to your informant, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.

"CHAS. A. C. COAKLEY, County Attorney.

"State of Oklahoma, Marshall County.

"I, Chas. A. Coakley, being duly sworn, on oath do state that I have read the foregoing information, and that the statements and allegations therein set out are true.

"CHAS. A. COAKLEY.

"Subscribed and sworn to before me this the 7th day of December, A. D. 1914.

"Clerk of the District Court.

"Filed Dec. 7th, 1914.    W. C. CAMPBELL, *Clerk.*"

"Exhibit B.

"In the District Court of Marshall County, Oklahoma.

"State of Oklahoma, Plaintiff, v. G. C. Harris, Defendant.

"Instruction to the Jury.

"Gentlemen of the Jury: The defendant, G. C. Harris, stands charged by information with the crime of embezzlement, alleged to have been committed in this county and state on or about the 11th day of July, 1914, while he was register of deeds of this county, by converting to his own use public money belonging to this county, which he had received as fees by virtue of his office as register of deeds.    The county attorney has elected to rely for conviction upon an act of embezzlement alleged to have been committed about January, 1914.    To the charge contained in this information the defendant has pleaded not guilty, which puts in issue every material allegation therein.

"As the law which shall be your guide in arriving at a verdict you are given the following instructions:

"1.    You cannot convict the defendant for any act or acts of embezzlement, under the information and the election of the county attorney in this case, except such act as involves embezzlement of funds, or a part thereof, collected by virtue of his office by the defendant for the month of January, 1914:

"The issue in this case is, whether or not the defendant committed the crime of embezzlement of the funds or a portion thereof received by him as an official for that month. The fact that the information charged the offense as having been committed about the 11th day of July, 1914, is not material.    Proof of the defendant's guilt beyond a reasonable doubt of the said crime alleged about January, 1914, is sufficient to satisfy the law as to time.

"2. If any officer charged with the collection, receipt, safe-keeping, transfer, or disbursements of the public money or any part thereof, belonging to the state or to any county, shall convert to his own use in any way, whether any such public money received, controlled, or held by such officer by virtue of such office for safekeeping, transfer, or disbursement, he shall be deemed guilty of embezzlement, and upon conviction thereof shall be sentenced to imprisonment in the penitentiary at hard labor for a term of not less than three nor more than twenty-one years, and also to pay a fine equal to double the amount in money so embezzled.

"3. Now, in this case, if you believe from the evidence beyond a reasonable doubt that the defendant. G. C. Harris. about the month of January, 1914, was the duly qualified and acting register of deeds of this county and state, and that he was then and there, by virtue of such office, charged with the collection, receipt, and safe-keeping of certain public money the property of Marshall county, same being fees received by him as such register of deeds for filing instruments required and authorized by law to be filed and recorded in his office, and having collected said money so belonging to this county the said defendant in this county and state did unlawfully and feloniously convert to his own use said public money so collected in the amount of fourteen hundred and eighteen dollars and thirty-nine cents ($1,418.39). or any other sum of the aforesaid money in excess of $20.00, then it would be your duty to convict the defendant of the crime charged.

"4. In case you find the defendant guilty, it will be your duty to fix his punishment at a term in the penitentiary of not less than three years nor more than twenty-one years, and in addition thereto assess a fine against him of double the amount of money you may find he embezzled about the month of January, 1914. If you have a reasonable doubt, however, of the defendant's guilt, or of the existence of any element of the crime, as I have set it out in instruction No. 3, then it will be your duty to acquit the defendant.

"5. The court has permitted evidence to be introduced before you tending to show discrepancies between the amounts which the reception record of the register of deeds office under the control of the defendant and the amount which the defendant each month turned into the county treasury and reported to the county commissioners, other than the money collected during the month of January, 1914. You cannot convict the defendant for any misappropriation other than for the month of January aforesaid, but you can consider that evidence along with the other facts in the case, for the purpose alone of showing the intent of the defendant, if you find that it tends to do that in conduct and disposition of the funds collected by him, by virtue of his office for the month of January, 1914."

Other general instructions given and made a part of the plea are not necessary to be inserted here.

"Verdict Criminal.

"State of Oklahoma, Marshall County.    In the District Court for Marshall County.

"We, the jury, drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant, G. C. Harris, not guilty of embezzlement of funds received during the month of January, 1914, as register of deeds.

"J. GUMM, *Foreman*.

"Filed May 5, 1915.    W. C. CAMPBELL, *County Clerk*.

"By R. D. STONE, D*eputy*."

The plea of former jeopardy was not controverted by the state.  Section 21 of article 2 of the Constitution provides:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of

life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

The third subdivison of section 5802, Revised Laws 1910, provides:

"If he plead a former conviction or acquittal: The defendant pleads that he has already been convicted (or acquitted, as the case may be) of the offense charged in this indictment or information by the judgment of the court of—— (naming it), rendered at—— (naming the place), on the ——day of—."

Section 5809, Id., provides:

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

In *Johnson v. State*, 1 Okla. Cr. 321, 97 Pac. 1059, 18 Ann. Cas. 300, it was held that a plea of former conviction or acquittal raises a question of fact for the jury to determine, unless the said plea is wholly insufficient as to matters of law. Also in *Newton v. State*, 14 Okla. Cr. 226, 170 Pac. 270, it was held:

"Upon the interposing of a plea of former jeopardy in the trial of any criminal case, a question of fact ordinarily arises which should be submitted to the jury for determination, unless the court is satisfied as a matter of law that the plea interposed is insufficient to raise the question of former jeopardy. In such event it is not error for the court to refuse to submit said plea to the jury if as a question of law it is insufficient."

See, also, *Morris v. Territory*, 1 Okla. Cr. 618, 99 Pac. 760, 101 Pac. 111.

While the plea of former jeopardy in this case was not interposed in the form provided by statute, but was addressed to the trial court in the form of a plea in abatement, clearly from the former opinions of this court it should have been treated as a plea in bar unless from the face of said plea it clearly appeared as a matter of law that said plea was insufficient. The trial court did not submit any issue of fact to the jury, but considered said plea in abatement to said action, and heard evidence thereon tending to support the same. The court overruled said plea in abatement, to which action the defendant excepted.

The question presented for consideration, therefore, is whether or not the plea interposed was sufficient in law to raise a question of fact as to the identity of the offense for which a former acquittal had been had with the offense charged in the information upon which this trial and conviction are based. If the facts pleaded in said plea uncontroverted show an identity of offenses, or the pleading is sufficient to create a doubt as to whether or not the defendant had theretofore been placed in jeopardy for the same offense charged in this information, then the court should have submitted the issue to a jury under proper instructions, unless the evidence in support of the plea established the fact that there was no identity of offenses and no former jeopardy.

The question here presented is one difficult of solution. The defendant was the register of deeds of Marshall county, Okla., and the embezzlement charged is that of fees received and collected by him as such officer for recording certain deeds, mortgages, and other instruments required by law to be filed and recorded in his office.

The particular sections of the statute in force at the time that this prosecution was instituted are 3213 and 3214, Revised Laws of 1910, which provide, respectively, as follows:

"Any county, township and district officer who is required by law to make monthly or quarterly reports to the board of county commissioners who fails or refuses to make such reports, or who makes a false or fraudulent report, shall be deemed guilty of a misdemeanor and in addition to his punishment he shall forfeit his office; and when such officer shall fail or refuse to account for or to pay over any money in his official capacity, he shall be deemed guilty of embezzlement, and in no case shall any county officer retain any perquisites of his office; and if any officer neglect or refuse to charge the fees provided by law, he shall forfeit double the amount thereof to be deducted from his salary, or to be collected by civil action against any such officer or his bondsmen."

"At each monthly meeting of the board of county commissioners or, if monthly meetings are not held, at each quarterly meeting, the clerk of the district court, the clerk of the superior court, the clerk of the county court, the county clerk and the register of deeds shall each file a verified report of the work of the preceding month or quarter, showing the total fees charged in each case and the total fees collected in each case, and shall pay all such fees into the county treasury and file duplicate receipts therefor with the county clerk."

And said sections are to be considered in connection with sections 2670 and 2671, *Id.*, which provide, respectively, as follows:

"Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted."

"If any person, being an officer, director, trustee, clerk, servant or agent of any association, society or corporation, public or private, fraudulently appropriates to any use or

purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement."

The register of deeds was required to make a monthly report of the fees earned and collected by him, and to pay the same monthly into the county treasury. His failure or refusal so to do (pay all such fees into the county treasury at the end of each month) constituted an embezzlement on his part, for which crime he was liable to a separate prosecution for each and every month for which he had failed so to account. *Warner v. Matthews, Judge,* 11 Okla. Cr. 122, 143 Pac. 516.

Under our form of criminal pleading the indictment or information must charge but one offense, unless the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, in which case the different offenses may be set forth in separate counts in the same indictment or information, and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts. Section 5741, Revised Laws of 1910. Also it provides that the particular time at which an offense is committed need not be alleged in the indictment, unless time is of the essence of the offense charged. Section 5742, *Id.*

In a charge of embezzlement time is not of the essence of the offense except that the alleged crime must appear from the face of the indictment or information to have been com-

mitted within the period of the statute of limitations, unless facts are pleaded extraneously which toll the limitations statute. Under the original information upon which the defendant was acquitted, the particular embezzlement charged to have been committed is alleged to have taken place on or about the 11th day of July, 1914. In view of the fact that an information may charge only one offense, and also in view of the statute aforesaid making each month's shortage a separate embezzlement, when the defendant pleaded not guilty to the information first filed against him he was advised that there could be a conviction only for one month's shortage within the period of the statute of limitations, and that he could only be prosecuted and convicted for a deficit or particular taking during one particular month. *Bonitzer v. State*, 4 Okla. Cr. 354, 111 Pac. 980.

Time not being of the essence of the offense, the state was not required to confine its proof to a particular embezzlement on or about the date alleged, but the state was required to confine its proof to a taking during one particular month during defendant's term of office and within the statute of limitations. The record in support of the plea of former jeopardy shows conclusively that the defendant moved the court to require the state to elect on which month's shortage it would rely for a conviction, which motion was sustained, and the state elected to rely upon the failure to report for the month of January, 1914, and the instructions of the court filed in support of the plea of former jeopardy show conclusively that the jury was limited to considering a particular embezzlement for January, 1914, and the verdict of the jury returned acquits the defendant only of embezzlement of funds received during the month of January, 1914.

While the evidence of acts of embezzlement during other months of the defendant's term of office was admitted, yet the trial court, in instructing the jury, specifically limited the jury's consideration of this evidence "for the purpose alone of showing the intent of the defendant, if you find that it tends to do that in conduct and disposition of the funds collected by him by virtue of his office for the month of January, 1914." So that it appears conclusively from the record in this case, and from the face of the plea of former acquittal interposed, that the defendant was only charged, tried for, and acquitted of an embezzlement of fees collected during the month of January, 1914.

The plea of former acquittal shows an acquittal of an offense other than that for which defendant was informed against and convicted in this case, and for that reason was not good in law, and the failure of the trial court to submit that issue to the jury was not error. *Newton v. State, supra; Morris v. Territory, supra.*

But it is contended that, after the jury was impaneled and sworn to try the defendant on the charge of embezzlement first filed against him, jeopardy attached for each and every offense of which he might have been convicted thereunder; that time not being of the essence of the offense, and the allegations of the information not being specific as to the particular month the alleged embezzlement occurred, before the state was required to elect upon which month it would rely for a conviction jeopardy attached as to any embezzlement by the defendant for each and every month during his term of office.

With this contention we cannot agree. The constitutional provisions against a second jeopardy are merely declaratory of the ancient principle of the common law. In

their application they are limited only to a second prosecution for the identical act and crime, both in law and fact, for which the first prosecution was instituted. *Burton v. United States,* 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; *Allen v. United States,* 194 Fed. 664, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385; *Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496; *Campbell v. People,* 109 Ill. 565, 50 Am. Rep. 621; *State v. Ellsworth,* 131 N. C. 773, 42 S. E. 699, 92 Am. St. Rep. 790; 12 Cyc. 368.

In *Storm v. Territory,* 12 Ariz. 26, 94 Pac. 1099, under statutory provisions practically and substantially the same as the constitutional and statutory provisions of this state, a question identical in principal with that here raised was decided by the Supreme Court of Arizona. In that case the court held:

"Pen. Code 1901, § 885, provides that, when accused is convicted or acquitted, or has once been placed in jeopardy, the conviction, acquittal, or jeopardy is bar to another indictment for the same offense. On trial for embezzlement committed on a designated date, the evidence showed distinct appropriations by accused of specified sums of money at three different times, including an appropriation on the date charged. The state elected to stand on the evidence of the commission of the offense on the designated date. Held that an acquittal did not bar a subsequent prosecution for the embezzlement committed at the other times."

In the body of the opinion it is said:

"1. Section 885 of the Penal Code of 1901 provides that: 'When the defendant is convicted or acquitted, or has once been placed in jeopardy upon indictment, the conviction, acquittal, or jeopardy is a bar to another indictment for the offense charged in the former or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under the indictment.'

Appellant's contention, quoting from his brief, is that: 'Time and amount being immaterial, clearly proof under the first indictment that defendant misappropriated $1,000 or any sum of the county's funds would have procured a conviction; and defendant "might have been convicted under the indictment." * * * Under this indictment appellant was charged with all the shortage during his term of office, and was tried for it, and, the offense being single, no act of the court or defendant could split it up. The prosecution could carve but one offense out of it.'

"The matter here presented is difficult to treat without a much extended opinion. To avoid writing 'a general treatise, as expressed in a similar case (*Ex parte Nielsen,* 131 U. S. 190, 9 Sup. Ct. 672, 33 L. Ed. 118), we shall go but little beyond the statement of our conclusions. Extended consideration of the questions involved, with citation of authorities may be found in *State v. Price,* 127 Iowa, 301, 103 N. W. 195 (upon which decision appellant greatly relies); 1 Bish. New Crim. Law, §§ 1051 to 1065, inclusive; *State v. Colgate,* 31 Kan. 511, 3 Pac. 346, 47 Am. Rep. 507; *Dill v. People,* 19 Colo. 469, 36 Pac. 229, 41 Am. St. Rep. 254. The illustrations given by Mr. Justice McLain in his dissenting opinion (concurred in by the Chief Justice) in *State v. Price, supra,* of the successive larceny from the same owner of several different horses, and the successive embezzlement of different sums of money belonging to the same owner, are apt and convincing. The rule expressed by the majority opinion in that case, and by a great many other decisions, that the test of once in jeopardy is whether if what is set out in the second indictment had been proved under the first there could have been a conviction, or whether the first indictment was such that the accused might legally be convicted under it by proof of the same facts as those by which the second is to be sustained, may avail to determine correctly a great many cases. It is not at all uncommon for proof of collateral but distinct crimes to be offered in evidence in support of the charge on trial, and identically the same evidence is often appropriate to secure convictions of

each of such crimes under separate indictments. It is not difficult to perceive that such proof might become available even in a larceny case. If, taking Mr. Justice McLain's illustration, the defendant shall have stolen at intervals a number of different horses from the same owner, but his defense be that, while he took the animal, he did so under an honest belief that it was his own, proof of the other thefts would be admissible to negative the honest belief. Yet we know of no authority which goes so far as to say that by reason of his acquittal of the theft of one of the horses the defendant could not be convicted of the theft of any one of the others. Furthermore the several indictments for the theft of the several horses would, unless the horses were unnecessarily described, be in identical terms, varying only as to dates, which by the law in this territory as well as in other jurisdictions need not be proved as charged. Hence, upon the face of the indictments, there would be no possibility of distinguishing the different charges, and the proof of any one of the several larcenies should procure a conviction under any one of the indictments.

"An illustration more apt for the present case readily suggests itself in a series of forgeries, each one of which might be the subject of an indictment, but all of which would undoubtedly be adduced in evidence upon the trial of each charge. The problem of once in jeopardy would have to be solved in such instances by appeal to another rule urged in the dissenting opinion, *supra,* and presented by many authorities as the appropriate test, to wit, that the identity of transactions is the controlling consideration. There is nothing in the indictments to distinguish the two charges which we are considering, because neither the amounts charged to be embezzled nor the dates of the misappropriations need be proved as laid. If Storm misappropriated $1,000 in the year 1902, a second $1,000 in 1903, and a third sum of several thousand dollars in 1904, each of these misappropriations was a separate and distinct embezzlement. It is unchallengeable that, if he had been indicted and convicted or acquitted for the misappropriation

of 1902 prior to the misappropriation in 1903, and after the latter misappropriation had been indicted therefor, his former conviction or acquittal would not be a bar to the prosecution of the latter indictment. Similar conclusions would be reached if after conviction or acquittal upon this latter indictment, the misappropriation of 1904 and an indictment therefor should follow. We cannot perceive that the result ought to be different if the several indictments are found after all of the misappropriations. This is not a continuing offense, but is one in which each misappropriation is a distinct crime. The fact that all were adduced in evidence at the trial of the first indictment, and that the prosecution could have elected to rely upon the misappropriation of April, 1903, instead of that of November, 1904, ought not, in our judgment, to bar the prosecution under this second indictment. The court's instruction that, as a matter of law, the evidence does not sustain the pleas of former acquittal or once in jeopardy was sound."

We consider the reasoning of the court in *Storm v. Territory, supra,* to be sound, well founded in law, and supported by the weight of modern authority. The opinion in the *Storm Case* was affirmed by the Circuit Court of Appeals of the Ninth Circuit (170 Fed. 423, 95 C. C. A. 593). Rehearing was also denied by the territorial court (12 Ariz. 109, 99 Pac. 275).

Also in *State v. Pianfetti,* 79 Vt. 236, 65 Atl. 84, 9 Ann. Cas. 127, the court said:

"But it is held that in prosecutions of offenses which from their nature are capable of repetition (and, it might be added, in common experience are usually many times repeated), each separate act being a distinct and substantive offense, this test is not applicable, and that no presumption of identity will arise from the fact that evidence sufficient to convict under one would warrant a conviction under the other. In such cases, the respondent must show affirma-

tively, by proof outside the record, that the offenses are one and the same."

See, also, 12 Cyc. 281; *Standard Oil Co. v. Com.*, 87 S. W. 1092, 27 Ky. Law Rep. 1131; *Miller v. State* (Tex. Cr. App.) 72 S. W. 856.

We reach the conclusion, therefore, that it was not error prejudicial to the substantial rights of this defendant for the trial court to overrule the plea of former acquittal and former jeopardy in this case, and refuse to submit the same as a question of fact for the jury to decide.

The burden is upon the defendant to show that his plea of former acquittal and former jeopardy is well founded, both in law and fact. There is an entire failure in the plea interposed in this case to show that the offense for which he was placed in jeopardy and acquitted is identical in law and fact with the offense for which he was tried and convicted in this case.

The further contention that the trial court erred in commenting upon the weight of certain evidence introduced by the state against the defendant is also lacking in merit. The record shows that, in refusing to permit the state to introduce certain record evidence against the defendant, the court excluded the same for the reason that the same facts had been already proved in the form of other records, and held the evidence to be immaterial. In so doing the court made certain comments to which the defendant objected, but to which comments no exception was taken, nor any request made that the jury be instructed not to consider the same. The court's action in refusing to permit the state to introduce this record evidence was favorable to the defendant, and while in making such

ruling the court made certain unnecessary comments as reasons therefor, certainly these comments were not considered prejudicial at the time they were made, or else the defendant would have saved the proper exceptions thereto, and made a proper request that the jury be instructed not to consider such remarks.

It also appears from the record that the defendant became a witness in his own behalf, and an examination of his testimony discloses no evidence which tends in any way to impeach the truthfulness of the records concerning which the court made the remarks complained of. The court's remarks were to the effect that the records, being unimpeached, were presumed to be truthful; and as the defendant himself, as a witness and as a defense to the action, did not attack the truthfulness of the reports made or the amount of money received by him as shown by such records, we fail to see wherein he was prejudiced by any remark of the trial court to the effect that such records were presumed to be truthful, especially as no proper request was made to withdraw such remarks from the consideration of the jury, and no ruling of the trial court made thereon which was properly excepted to at the time. ·

The practice of trial courts in thus commenting upon the weight or effect of testimony when ruling upon its admissibility is greatly to be deplored, and should not be indulged in. The repeated admonitions in the opinions of this court against such practices should at least have a deterring effect upon those charged with the duty of seeing that the law is administered fairly and impartially, both to the state and to the defendant. But where it is clear from the entire record that such remarks have not injured the defendant, they will not be considered alone as sufficient

ground for granting a new trial. *Cochran v. State,* 4 Okla. Cr. 390, 111 Pac. 978.

It is the judgment of this court that the judgment of conviction of the crime of embezzlement rendered in the district court of Marshall county on the 24th day of September, 1915, sentencing the defendant to serve a term of one year and one day in the state penitentiary, be, and the same is hereby affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.