Kurk Kendall JOHNSON, Petitioner,

v.

Don H. HAMPTON, District Judge, Tenth Judicial District, State of Oklahoma, Respondent.

No. O–76–150.

Court of Criminal Appeals of Oklahoma.

May 16, 1977.

---

Heskett & Heskett, Pawhuska, for petitioner.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for respondent.

## OPINION

PER CURIAM:

Petitioner was charged in the District Court, Tulsa County, Case No. CRF–75–690, for the offense of Kidnapping for the Purpose of Extortion in violation of 21 O.S. 1971, § 745. Thereafter, on the 16th day of April, 1975, Petitioner was charged in the Osage County District Court, Case No. CRF–75–294, for the offense of Murder in the First Degree in violation of 21 O.S. Supp.1973, § 701.1. Subsequent thereto the Petitioner was tried and convicted as charged in the Tulsa County District Court and pursuant thereto was sentenced for a term of imprisonment of Sixty (60) years. To the charge of Murder in the First Degree filed in the Osage County District Court, the Petitioner entered a plea of former jeopardy, supplemented with a Motion to Strike, pursuant to 22 O.S.1971, § 513. Upon hearing, the above named Respondent overruled the Motion which sought to strike the following words from the Osage County Information:

"... said acts and killing being perpetrated by the said Kurk Kendall Johnson pursuant to, and as a result of, the commission of, or attempt to commit, the crime of Kidnapping for the purpose of Extortion ..."

Thereafter, Petitioner filed in this Court a Petition for Writ of Mandamus, whereafter by Order of this Court oral arguments were held on the 1st day of March, 1976, and this Court assumed jurisdiction and allowed the parties time to brief the matter and stayed further proceedings in the Osage County District Court pending this Court's disposition of the instant matter.

After having heard the arguments and studied the briefs, we are of the opinion that this matter presents a question of first impression in this State. The issue for resolution is whether or not the Petitioner's prior conviction for Kidnapping for the Purpose of Extortion in Tulsa County is a bar to a subsequent prosecution for the offense of Murder in the First Degree in Osage County when the enumerated felony upon which the charge of Murder in the First Degree is predicated is Kidnapping for the Purpose of Extortion, the prior conviction.

The two statutory offenses, Murder in the First Degree as charged against Johnson, and Kidnapping for the Purpose of Extortion are two separate and distinct offenses as the elements of First Degree Murder include elements different and additional to those of Kidnapping for the purpose of Extortion. A First Degree Murder prosecution under 21 O.S.Supp.1973, § 701.1, ¶ 2, necessitates the State prove that premeditated homicide was perpetrated by one committing or attempting to commit one of the four delineated felonies, or when the death occurs following the sexual molestation of a child under the age of sixteen (16) years. Proof of the particular underlying felony is required only because without it the homicide would be a lesser degree, second degree murder or manslaughter. Certainly the underlying felony in a second degree murder prosecution under 21 O.S.Supp.1973, § 701.2, ¶ 3, is separate and distinct offense than the felony murder and conviction of either would not bar prosecution and conviction for the other. See *Harris v. State,* 17 Okl.Cr. 69, 175 P. 627 (1918). For in a felony murder prosecution, such as a first degree murder prosecution under § 701.1, ¶ 2, supra, the underlying felony is required only because without it the homicide would be of a lesser degree, manslaughter, or possibly a noncriminal homicide. In either prosecution, Murder in the First Degree such as § 701.1, ¶ 2, or Murder in the Second Degree, § 701.2, ¶ 3, the underlying felony is neither the same offense nor is it a lesser included offense, as defendant is not

charged with the felony nor can he be convicted of the felony as a lesser included offense.

The evidence in the kidnapping case, *Johnson v. State*, Okl.Cr., 554 P.2d 51 (1976), established that Johnson kidnapped his victim in hopes of extorting a sum of money from the victim's relatives. The objective of extortion changed to murder after the attempts to extort the money apparently failed. The evidence does not establish that the purpose of the kidnapping was murder, but only that the purpose became murder after Johnson's extortion attempts failed and certainly the murder would also at least close the mouth of the one who could surely lead to Johnson's apprehension. Different societal interests are protected by the statutory laws prescribing kidnapping for the purpose of extortion and homicide. Certainly then two separate offenses may be committed although the offenses are proximate in time.

Therefore, in the instant case Johnson may be prosecuted for Murder in the First Degree with the underlying felony being the commission of or the attempt to commit the offense of Kidnapping for the Purpose of Extortion, notwithstanding that he has been previously convicted of said underlying felony. No former jeopardy claim is sustainable as Murder in the First Degree is a separate and distinct offense protecting a different societal interest than Kidnapping for the Purpose of Extortion. *Williams v. State*, Okl.Cr., 321 P.2d 990 (1957), *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

For the above and foregoing reasons, our previous order entered on the 1st day of March, 1976, staying further proceedings in the Osage County District Court, Case No. CRF–75–294, is hereby VACATED, and the Petition for Writ of Mandamus is DENIED in accordance with the views expressed herein.

BRETT, Judge, dissenting:

I respectfully dissent to this decision for the reason that as the information is laid it will become necessary to again prove all the elements of the offense of Kidnapping for the Purpose of Extortion prior to proving the alleged First Degree Murder. I believe, under the facts of this case, that the charge should be Murder in the Second Degree.